UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELAINE S WENDEL,

                                  Plaintiff,

v.                                                            Civil Action No. _____

MULLOOLY, JEFFREY, ROONEY
& FLYNN, LLP.,

                                  Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Elaine Wendel is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP. (hereinafter "law office") is a law firm organized as a domestic registered limited liability partnership under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. Defendant regularly attempts to collect debts alleged to be due another.

8. All references to either defendant herein shall mean said defendant or an employee of said defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a consumer debt to Bank of America, N.A. successor-in-interest to FIA Card. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff allegedly defaulted on the subject debt.

12. That on or about January 13, 2015, Defendant sent a letter to the Plaintiff, on Defendant's law firm letterhead along with the law firm name stated on the signature line, advising that the "Bank may invoke its right to file a lawsuit" against Plaintiff.

13. This letter dated January 13, 2015 also states that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

14. Said letter confused and misled the Plaintiff as to if there was actual attorney representation on behalf of Bank of America, N.A.

15. Said letter is confusing and misleading to the least sophisticated consumer as that term is defined by law, as to if there was actual attorney representation on behalf of Bank of America, N.A.

16. Said letter is deceptive and materially misrepresents Plaintiff's potential liability for the alleged subject debt.

17. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) by stating that Plaintiff may be

sued for the alleged subject debt even though no attorney had reviewed the particular circumstances of Plaintiff's account.

19. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 29, 2015

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com

3