UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x          15-CV-00936 (JTC)

ELAINE S. WENDEL,


                    Plaintiff

          -against-


MULLOOLY, JEFFREY, ROONEY & FLYNN,
LLP,


                    Defendant

------------------------------------------------------------x




DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT



                              ROBERT L. ARLEO, ESQ. P.C.
                              Attorney for the Defendant
                              380 Lexington Avenue, 17th Fl.
                              New York, New York  10168
                              (212) 551-1115

# Table of Contents

**Page**

**Table of Citations**

I.      STATEMENTS OF FACTS……………………………………………...      1

II.     STATEMENT OF QUESTION PRESENTED…………………….......      2

III.    ARGUMENT……………………………………………………………..      3

STANDARD FOR DISMISSAL FOR
FAILURE TO STATE A CAUSE OF
ACTION UNDER FED. R. CIV. P. 12(b)(6)…………………………      3

THE FAIR DEBT COLLECTION PRACTICES ACT………………      5

THE COMPLAINED-OF
MISREPRESENTTIONS
ARE NOT MATERIAL……………………………………………..      14

THE PLAINTIFF CANNOT ESTABLISH
ACTUAL DAMAGES OF EMOTIONAL
DISTRESS AS ALLEGED………………………………………….      17

CONCLUSION…………………………………………………………      20

Table of Citations

Page

Cases

*Am. Home Assur. Co. v. Altman Specialty Plaints, Inc.*,
2009 U.S. Dist. LEXIS 6046 (S.D.N.Y)……………………………………………….. 13

*Antkowiak v. TaxMasters*,
779 F. Supp. 2d 434, 451 (E.D. Pa. 2011)…………………………………………… 8

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)……………………………………………………………….. 3

*Avila v. Riexinger & Assocs., LLC*,
2015 U.S. Dist. LEXIS 48926 (E.D.N.Y.)……………………………………….. 10

*Avila v. Van Ru Credit Corporation*,
84 F.3d 222, 228 (7th Cir. 1996)……………………………………………………. 10

*Barbosa v. Continuum Partners, Inc.*,
716 F.2d 210, 215 (S.D.N.Y. 2010)………………………………………………… 4

*Beattie v. D.M. Collections, Inc.*,
754 F. Supp. 383, 394 (D. Del. 1991)…………………………………………….. 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)………………………………………………………………… 3

*Bentley v. Dennison*,
852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012)…………………………………… 13

*Berger v. Suburban Credit Corp.*,
2006 U.S. Dist. LEXIS 62909 (E.D.N.Y.)………………………………………… 12

*Bieber v. Associated Collection Servs., Inc.*,
631 F. Supp. 1410, 1417 (D. Kan. 1986)………………………………………… 18

*Broughman v. Chiari & Ilecki, LLP*,
2012 U.S. Dist. LEXIS 166658 (W.D.N.Y.)……………………………………… 15

*Byrd v. City of New York*,
2005 U.S. App. LEXIS 10820 hn 3 (2d Cir.)…………………………………….. 13

*Carubia v. Cohen & Slamowitz*,
2015 U.S. Dist. LEXIS 7700 *10 (N.D.N.Y.)………………………………………… 15

*Clomon v. Jackson*,
988 F.2d 1314, 1319 (2d Cir. 1993)…………………………………………………… 6

*Corazzini v. Litton Loan Servicing, LLP*,
2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)…………………………………………….. 16

*Donohue v. Quick Collect*,
592 F.3d 1027, 1033 (9th Cir. 2010)………………………………………………… 14

*Dunn v. Derrick E. McGavie, P.C.*,
653 F. Supp. 2d 1109 (D. Or. 2009)………………………………………………… 7

*Ellis v. Solomon & Solomon, P.C.*,
591 F.3d 130, 135 (2d Cir. 2010)……………………………………………………… 6

*Emanuel v. American Credit Exchange*,
870 F.2d 805, 808-09 (2d Cir. 1989)………………………………………………... 18

*Evanauskas v. Strumpf*,
2001 U.S. Dist. LEXIS 14326 (D. Conn.)…………………………………………….. 18

*Gabriele v. American Home Mortgage Servicing, Inc.*,
503 Fed. Appx. 89 (2d Cir. 2012)……………………………………………………... 15

*Gelinas v. Retrieval-Masters Creditors, Bureau, Inc.*,
2015 U.S. Dist. LEXIS 100470 (July 22, 2015 W.D.N.Y.)………………………………… 9

*Gervais v. Riddle & Associates, P.C.*,
479 F. Supp. 2d 270, 275 (D. Conn. 2007)…………………………………………… 12

*Global Network Comm'ns, Inc. v. City of New York*,
458 F.3d 150, 157 (2d Cir. 2006)……………………………………………………… 12

*Gorman v. Consol. Edison Corp.*,
488 F.3d 586, 591-92 (2d Cir. 2007)…………………………………………………… 3

*Greco v. Trauner, Cohen & Thomas, LLP*,
412 F.2d 360 (2nd Cir. 2005)…………………………………………………………… 7

*Hahn v. Triumph P'ships, LLC*,
557 F.3d 755 (7th Cir. 2009)…………………………………………………………… 14

*Harvey v. Great Seneca Fin. Corp.*,
453 F.3d 324, 332 (6th Cir. 2006)……………………………………………….  17

*Hayden v. Patterson*,
594 F.3d150, 160-61 (2d Cir. 2010)………………………………………………   3

*In re Seniecle*,
2009 Bank. LEXIS 2678 (Bank. N.D.N.Y.)…………………………………………  18

*Jacobson v. Healthcare Fin. Servs.*,
516 F.3d 85, 89 (2d Cir. 2008)……………………………………………………   6

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*,
559 U.S. 573, 130 S.Ct. 1605, 1608 (2010)………………………………………   5

*Johnson v. Levy*,
812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011)……………………………………..  13

*Klein v. Solomon & Solomon, P.C.*,
2011 U.S. Dist. LEXIS 127606 (D. Conn.)…………………………………………  15

*Knowles v. Credit Bureau of Rochester*,
1992 U.S. Dist. LEXIS 8349 (W.D.N.Y.)…………………………………………  11

*Lane v. Fein, Such & Crane*,
767 F.Supp.2d 383 (E.D.N.Y. 2011)……………………………………………  15

*Lautman v. 2800 Coyle St. Owners Corp.*,
2014 U.S. Dist. LEXIS 137454 (E.D.N.Y.)…………………………………………  15

*Madonna v. Academy Collection Serv.*,
1997 U.S. Dist. LEXIS 13315 (D. Conn.)…………………………………………  11

*Maguire v. Citicorp. Retail Servs.*,
147 F.3d 232, 236 (2d Cir. 1998)…………………………………………………   6

*Miller v. Javitch, Block & Rathbone*,
561 F.3d 588, 596 (6th Cir. 2009)………………………………………………  14

*Miller v. Wolpoff & Abramson, LLP*,
321 F.3d 292 (2d Cir. 2003)………………………………………………………   7

*Mills v. Polar. Molecular Corp.*,
12 F.3d 1170, 1174 (2d Cir. 1993)………………………………………………..   3

*Milton v. Rosicki, Rosicki & Associates, P.C.*,
2007 U.S. Dist. LEXIS 56872 (E.D.N.Y.)……………………………………………...   18

*Murphy v. Bronson, Cawley & Bergmann, LLP*,
2011 U.S. Dist. LEXIS 64600 (S.D. Cal.)……………………………………………   9

*Nepomuceno v. Legal Recovery Law Offices, Inc.*,
2014 U.S. Dist. LEXIS 81761 *9-*10 (S.D. Cal.)……………………………………   8

*Olson v. Risk Mgmt. Alternatives, Inc.*,
366 F.3d 509 (7th Cir. 2004)…………………………………………………………   6

*Omegbene v. Risk Mgmt. Alternatives, Inc.*,
2003 U.S. Dist. LEXIS 25781 (E.D.N.Y.)……………………………………………   3

*Papason v. Allain*,
478 U.S. 265, 286 (1986)……………………………………………………………..   3

*Pipiles v. Credit Bureau of Lockport, Inc.*,
886 F.2d 22, 28 (2d Cir. 1989)………………………………………………………   18

*Pollard v. Law Office of Mandy L. Spaulding*,
967 F. Supp. 2d 470, 478 (D. Mass. 2013)…………………………………………..   7

*Rahman v. Schiro*,
22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014)……………………………………………   13

*Rothman v. Gregor*,
220 F.3d 81, 92 (2d Cir. 2000)………………………………………………………   13

*Samuels v. Air Transport Local*, 504,
992 F.2d 12, 15 (2d Cir. 1993)………………………………………………………   3

*Santacruz v. Standley & Associates, LLC*,
2011 U.S. Dist. LEXIS 27885 *13 (D. Colorado)……………………………………   8

*Singh v. Wells*,
2010 U.S. Dist. LEXIS 84077 (N.D.N.Y.)……………………………………………...   13

*Staehr v. Hartford Fin. Servs. Group*,
547 F.3d 406, 425-426 (2d Cir. 2008)………………………………………………   13

*Strand v. Diversified Collection Service, Inc.*,
380 F.3d 316, 319 (8th Cir. 2004)……………………………………………………   7

*Stewart v. Berman*,
859 F. Supp. 2d 754 (D. Md. 2012)………………………………………………………… 17

*Taylor v. Pinnacle Credit Servs., LLC*,
2011 U.S. Dist. LEXIS 36420 (N.D. Cal. 2011)………………………………………… 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308, 322 (2007)………………………………………………………………… 13

*United States v. Nat'l Fin. Servs.*,
98 F.3d 131, 136-37 (4th Cir. 1996)…………………………………………………….. 10

*Villager Pond. Inc. v. Town of Darien*,
56 F.3d 375, 378 (2d Cir. 1995)…………………………………………………………... 4

*Wahl v. Midland Credit Mgmt.*,
566 F.3d 643, 646 (7th Cir. 2002)……………………………………………………… 14

*Wallace v. Washington Mut. Bank*,
683 F.3d 323, 326 (6th Cir. 2012)……………………………………………………… 14

*Warren v. Sessoms & Rogers*,
676 F.3d 365 (4th Cir. 2012)…………………………………………………………… 14

*Woolfolk v. Van Ru Credit Corp.*,
783 F. Supp. 724, 727 (D. Conn. 1990)………………………………………………… 12

Other authorities

Fed. R. Civ. P. 12(b)(6)………………………………………………………………… 3

Fed. R. Civ. P. 8………………………………………………………………………… 3

Fed. R. Civ. P. 12(d)…………………………………………………………………… 13

Fed. R. Ev. 201(b)……………………………………………………………………… 13

15 U.S.C. § 1692 *et seq*............................................................................................... 5

15 U.S.C. § 1692g……..………………………………………………………………….. 5

15 U.S.C. § 1692e………………………………………………………………………… 6

15 U.S.C. § 1692e(3)…………………………………………………………………… 6

## I.      STATEMENT OF FACTS

The Plaintiff incurred a debt in the amount of $15,556.91 to Bank of America, N.A. (BOA). The Plaintiff defaulted in regard to her obligation to BOA. The Defendant Mullooly, Jeffrey & Rooney & Flynn, LLP (hereinafter "MJRF"), a debt collection law firm, was retained by BOA to collect the debt owed by the Plaintiff. In the attempt to collect the debt the Defendant MJRF sent a collection letter dated 1/13/15 to the Plaintiff. A copy of said letter is attached as Exhibit "1" hereto. The letter states (in part) "Please be advised the Bank may invoke its right to file a lawsuit against you." The letter also contains the statement "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."

The Plaintiff alleges in her Complaint that the letter contains statements which violate the Fair Debt Collection Practices Act (FDCPA). The Plaintiff alleges: a) the letter is confusing as to whether there is actual attorney representation on behalf of BOA; b) the letter misrepresents the Plaintiff's potential liability for the alleged debt and; c) the letter improperly implies that the Plaintiff may be sued for the debt even though no attorney had reviewed the particular circumstances of the account.

The Defendant now files the herein Memorandum of Law in support of their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action.

## II.       STATEMENT OF QUESTION PRESENTED

A. Does the Complaint plead any plausible

   claim(s) for violation of the FDCPA?

   Answer- No.

## III.   ARGUMENT

STANDARD FOR DISMISSAL FOR
FAILURE TO STATE A CAUSE OF
<u>ACTION UNDER FED. R. CIV. P. 12(b)(6)</u>

In deciding a motion to dismiss a complaint, a court must accept as true the factual allegations of the complaint and draw all inferences in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007). However, a court is not required to accept the truth of legal conclusions couched as factual allegations. *Papason v. Allain*, 478 U.S. 265, 286 (1986). In making a Fed. R. Civ. P. 12(b)(6) determination a court's inquiry is limited solely to the contents of the complaint, those documents attached to the complaint as exhibits or incorporated by reference therein and matters which judicial notice may be taken. *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993); *Omegbene v. Risk Mgmt. Alternatives, Inc.*, 2003 U.S. Dist. LEXIS 25781 (E.D.N.Y.).

As this Court is well aware the matters of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and  *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) each saw the United States Supreme Court set forth a standard of pleading requirement in order to allege a cause of action under Fed. R. Civ. P. 8. In *Twombly*, the Supreme Court held that a federal complaint must contain factual allegations which "must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court further stated therein that there must be sufficient facts to state a claim to relief that is "plausible on its face." *Id* at 570. See also *Hayden v. Patterson*, 594 F.3d150, 160-61 (2d Cir. 2010). In *Iqbal*, the Supreme Court held that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." 129 S.Ct.

at 1949.  A complaint must state "a plausible claim for relief" in order to defeat a Fed. R. Civ. P.

12(b)(6) motion to dismiss. *Id.* "Plausibility" does not give rise to the level of probability but

requires more than a sheer possibility that a defendant has acted unlawfully. *Barbosa v.*

*Continuum Partners, Inc.*, 716 F.2d 210, 215 (S.D.N.Y. 2010). See also *Villager Pond. Inc. v.*

*Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

   This Court must recognize and apply the proper standard of pleading requirement in order to

allege a cause of action under Fed. R. Civ. P. 8 for violations of the FDCPA. The Plaintiff's

Complaint does not contain factual allegations which are enough to raise a right to relief under

the FDCPA above the speculative level. For the reasons set forth herein the Plaintiff fails to state

a plausible claim that the Defendant violated the FDCPA.

   The Defendant fully recognizes that the Second Circuit Court of Appeals precedent has held

that this Court must accept as true the factual allegations of the Complaint and draw all

inferences in favor of the Plaintiff. However, this Court is not required to accept the truth of legal

conclusions set forth in the Complaint which are simply couched as factual allegations. In regard

as to whether there is actual attorney representation. The first sentence of the letter states "Our

law firm has been retained by Bank of America, N.A….in connection with the above-referenced

account." This statement is factual despite the fact that no attorney had reviewed the particular

circumstances of the account. Simply advising that no attorney had reviewed the particulars

regarding the BOA debt does not contradict the fact that the Defendant represents the BOA.

   Contrary to the Plaintiff's allegations the letter does not misrepresent the Plaintiff's potential

liability for the alleged debt. The letter simply asserts a fact: the BOA may invoke its right to file

4

a lawsuit against the Plaintiff. The statement correctly coincides with the advisement that no

attorney had reviewed the particular circumstances of the debt. A consumer with a willingness to

read the Defendant's letter with some care could only logically conclude that the Defendant may

advise the BOA that legal action is necessary *after* review of the particulars of the file.

Importantly, there is no threatening language in the letter regarding the possibility of legal

action, no language indicating that a lawsuit is imminent or has been commenced and no

language which could lead the least sophisticated consumer to believe that the BOA would be

automatically successful in regard to any lawsuit simply upon the filing thereof. Furthermore, the

letter is the initial communication from the Defendant to the Plaintiff and properly sets forth the

30 day debt verification/dispute rights required by 15 U.S.C. § 1692g. Thus, the least

sophisticated consumer should deduce from the 30 day dispute/verification language that she has

a "say" in the claim. If she did not owe the debt she could undertake action to prevent the filing

of a lawsuit.

Importantly, there is nothing in the letter which could lead the least sophisticated consumer to

believe that defenses to any potential lawsuit would not be available. Same constitutes a further

basis for the fact that the claim that the statements in the letter misrepresents the Plaintiff's

potential liability for the debt is without merit.


<u>THE FAIR DEBT COLLECTION PRACTICES ACT</u>


The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

5

by debt collectors." 15 U.S.C. § 1692 *et seq.* Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 130 S.Ct. 1605, 1608 (2010); *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 89 (2d Cir. 2008).

The FDCPA prohibits the use of any false, deceptive and/or misleading debt collection means. 15 U.S.C. § 1692e. In evaluating claims for violation of the FDCPA's prohibition against false, deceptive and misleading debt collection means, a court must use an objective standard based upon whether the "least sophisticated consumer" would be deceived by a statement made in a collection communication. *Maguire v. Citicorp. Retail Servs.*, 147 F.3d 232, 236 (2d Cir. 1998). The least sophisticated consumer standard is designed to protect consumers while, at the same time, protecting debt collectors from bizarre or idiosyncratic interpretations of statements made in collection communications. Even the "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Furthermore, consumers are capable of making logical deductions based upon statements made in debt collection communications. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004).

The FDCPA expressly prohibits the false representation or implication that an individual is an attorney or that any communication is from an attorney. 15 U.S.C. § 1692e(3). Sending a debt collection letter under the letterhead of a law firm, without an attorney having meaningfully reviewed the particular circumstances of a consumer's debt, may constitute an "e(3)" violation.

6

*Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292 (2d Cir. 2003). However, in the matter of *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.2d 360 (2nd Cir. 2005), the Second Circuit held that a collection attorney could avoid liability for not providing meaningful attorney review by simply stating "At this time no attorney with this firm has reviewed the particular circumstances of your account." (hereinafter "the *Greco* advisement").

   Despite placing the *Greco* advisement in a collection letter, an attorney or a law firm may still violate the FDCPA if there are other statements in the letter which could lead the least sophisticated consumer to be confused as to the level of attorney review. However, FDCPA case precedent finding FDCPA liability, despite the inclusion a *Greco* advisement in a collection letter, establishes the need for clear, numerous and unequivocal statements indicating that legal action is imminent. For example, referring to "judicial remedies" throughout a letter, referring to a balance due as a "claim" rather than a debt, forewarning of possible court costs and/or attorneys fees, encouraging a consumer to communicate with a law firm for a "helpful and amicable resolution…" of a claim, and threatening an immediate lawsuit at the creditor's instruction would all lead the least sophisticated consumer to likely infer from the letter's overall threat level that a law firm was prepared to bring legal action at any time. This conclusion would likely contradict the *Greco* advisement and cause confusion to the least sophisticated consumer. *Dunn v. Derrick E. McGavie, P.C.*, 653 F. Supp. 2d 1109 (D. Or. 2009).

   Statements that an attorney was "not inclined to use further resources attempting to collect this debt before filing suit." and was "…obligated to her client to pursue the next logical course of action without delay." suggested that the attorney had reviewed debtor's case and deemed it ripe for legal action. Thus, these statements would contradict the *Greco* advisement. *Pollard v.*

7

*Law Office of Mandy L. Spaulding*, 967 F. Supp. 2d 470, 478 (D. Mass. 2013).

Statements such as "… in the event legal action is pursued and judgement is ultimately obtained against you, the judgment may include court costs, local attorneys fees, and interest in the principle amount owed." could give the least sophisticated consumer the impression of impending litigation and, as a result, contradict the *Greco* advisement. *Nepomuceno v. Legal Recovery Law Offices, Inc.*, 2014 U.S. Dist. LEXIS 81761 *9-*10 (S.D. Cal.). A letter from an attorney referencing to a "Breach of Contract Claim", stating that the lawyer would make a recommendation, further stating "..if you choose not to voluntarily resolve your account and litigation is filed..."the creditor, would also seek "additional costs", urging the consumer to "satisfy your obligation" and stating "it could be your last opportunity to settle this matter for only $2,500." could be read by the least sophisticated consumer as a threat of imminent legal action and a contradiction of the *Greco* advisement. *Antkowiak v. TaxMasters*, 779 F. Supp. 2d 434, 451 (E.D. Pa. 2011).

Statements made during a telephone conversation between a consumer and a debt collector employed by a law firm could lead the consumer to believe legal action was imminent based upon an attorney review of the particulars of a debt. *Santacruz v. Standley & Associates, LLC*, 2011 U.S. Dist. LEXIS 27885 *13 (D. Colorado)(debt collector employed by law firm defendant told a consumer during a telephone conversation "I'm not threatening you. I'm making you a promise. I'm going to file a lawsuit against you real soon.". Court found statements to constitute a clear threat of legal action).

In contrast to the four foregoing FDCPA cases, which all concern language that legal action was imminent and authorized, a letter which is short and straightforward, like the letter in *Greco*

8

which did not use any language that suggests *impending* litigation, would not confuse a consumer in regard to the level of attorney review. *Taylor v. Pinnacle Credit Servs., LLC*, 2011 U.S. Dist. LEXIS 36420 (N.D. Cal. 2011)(finding the statement that attorney "represents" creditor was not enough to overshadow *Greco* advisement); See also *Murphy v. Bronson, Cawley & Bergmann, LLP*, 2011 U.S. Dist. LEXIS 64600 (S.D. Cal.).

   Nothing in the Defendant's letter refers to judicial remedies or described the BOA debt as a "claim" rather than a debt. The Defendant did not forewarn the Plaintiff of possible court costs and/or attorneys fees nor did the Defendant encourage the Plaintiff to communicate with the Defendant, a law firm, for a "helpful and amicable resolution of this claim.". The Defendant did not threaten an immediate lawsuit but simply stated that which is understood by the least sophisticated consumer who receives a letter from a law firm: a client may exercise the right to file a lawsuit. In fact, the Defendant did not even have to state the obvious concerning possible legal action, which demonstrates the meaninglessness of the statement regarding a possible lawsuit by the BOA.

   The entire tone of the Defendant's letter is best described as "soft" and non-threatening as evidenced by the reference to BOA as "Creditor" and the Plaintiff as "Customer". Had the Defendant wished to threaten imminent legal action because an attorney had reviewed the particulars of the Plaintiff's account, it would have referred to BOA as "Plaintiff" and the Plaintiff as "Defendant." The Defendant did not advise that it was not inclined to use further resources attempting to collect the BOA debt before filing suit nor state that it was obligated to BOA to pursue the next logical course of action without delay. The Defendant's letter did not refer to a "Breach of Contract Claim" nor state that a lawyer would make a recommendation.

9

The letter did not threaten the Plaintiff with legal action, and did not state that the BOA would seek additional costs therein, if the Plaintiff chose not to voluntarily resolve her BOA account. The Defendant's letter did not urge the Plaintiff to satisfy her obligation to the BOA nor state that it could be her last opportunity to settle her BOA account for less than the full amount due. There were no telephone conversations between the Plaintiff and any debt collector(s) employed by the Defendant wherein imminent legal action was threatened. Thus, the Plaintiff fails to raise FDCPA claims which are plausible on its face.

Perhaps the best statement concerning the very effect of a letter from a law firm was set forth by the U.S. Court of Appeals for the Seventh Circuit in *Avila v. Van Ru Credit Corporation,* 84 F.3d 222, 228 (7th Cir. 1996):

> "…an unsophisticated consumer, getting a letter from an attorney, "knows" the price of poker has gone up."

This impression renders the Defendant's soft, non-threatening reference to possible legal action meaningless. *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136-37 (4th Cir. 1996) ("Because to most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue, a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand.").

Further evidence that the reference to possible legal action does not connote attorney review of the particulars of the Plaintiff's account is based upon the fact that there is nothing improper about a debt collector listing possible creditor remedies in a debt collection letter so long as those possibilities could occur. *Avila v. Riexinger & Assocs., LLC,* 2015 U.S. Dist. LEXIS 48926 (E.D.N.Y.). Referencing to the possibility of legal action, in conjunction with a debt in an amount of $15, 556.91, is not a threat of unintended legal action nor can is it deemed to be a

10

contradiction of the effect of the *Greco* advisement.

For a collection letter to threaten legal action it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been taken. *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). The statement in the Defendant's letter cannot be deemed as a threat to sue the Plaintiff, thus the statement does not connote that an attorney reviewed the particulars of the Plaintiff's file and came to the conclusion that legal action was justified. Even where a communication specifically refers to legal action a threat to sue does not exist where references to legal action are set forth in the terms of a mere possibility. *Madonna v. Academy Collection Serv.*, 1997 U.S. Dist. LEXIS 13315 (D. Conn.)(Three letters were sent to the plaintiff therein stating "our client may choose to pursue legal action." The last letter preceded this statement with a declaration "..it is our intent to close our files and inform our client that you have refused to cooperate.", went on to describe possible consequences of litigation and suggested that the consumer "..obtain legal assistance." The court found that these references were not a threat to pursue legal action but, instead, merely communicated that litigation was one possible course of action. "Far from threatening legal action the statement….indicates that legal action is an option available to the creditor who may choose to take advantage of it.") *7. *Knowles v. Credit Bureau of Rochester*, 1992 U.S. Dist. LEXIS 8349 (W.D.N.Y.)(holding that the statement "…failure to pay will leave our client with no choice but to consider legal action…" was not a threat of legal action, because "… at most, the language…threatened that the creditor will have to consider legal action" and, therefore, "..no action of any kind is threatened by the defendant collection agency.").

The reference in the Defendant's letter to the possibility of legal action by the BOA cannot be

11

construed by the Plaintiff that a lawsuit was imminent based upon an attorney review of the

particulars of the Plaintiff's account. See *Gervais v. Riddle & Associates, P.C.*, 479 F. Supp. 2d

270, 275 (D. Conn. 2007)(stating "The least sophisticated consumer, when explicitly told that

litigation is merely being considered as an option, cannot reasonably believe that litigation is

authorized and rapidly forthcoming…."). See also *Woolfolk v. Van Ru Credit Corp.*, 783 F.

Supp. 724, 727 (D. Conn. 1990)(finding notice stating "legal action will be recommended" does

not evidence an intent or ability to litigate).

    To determine whether language can be construed as threatening legal action courts consider if

the language explicitly threatens that legal action will be taken or whether it simply describes

available alternatives such as legal action. *Berger v. Suburban Credit Corp.*, 2006 U.S. Dist.

LEXIS 62909 (E.D.N.Y.). Here, the statement "Please be advised the Bank may invoke its right

to file a lawsuit against you." advised the Plaintiff that litigation is merely being considered as an

option. The Plaintiff could not have reasonably believed that litigation was authorized and

rapidly forthcoming as the statement does not evidence an intent or ability to litigate. Thus, the

statement fits comfortably with the *Greco* advisement set forth in the letter.

    The Plaintiff did not respond to the Defendant's collection letter. Thus, the Defendant filed a

lawsuit against the Plaintiff on March 9, 2015 in the Supreme Court of the State of New York,

County of Erie (hereinafter "SCNYE"). A copy of the SCNYE complaint is attached hereto as

Exhibit "2". This court may take judicial notice of the SCNYE complaint as same constitutes a

public record. In deciding a motion to dismiss a complaint a court may take judicial notice of a

document filed in another litigation. *Global Network Comm'ns, Inc. v. City of New York*, 458

F.3d 150, 157 (2d Cir. 2006). Although the general rule is that a district court may not look

outside a complaint and documents attached therewith in conjunction with deciding a Rule 12(b)(6) motion, a court may also consider matter of which judicial notice may be taken. *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425-426 (2d Cir. 2008)(finding "…it is proper to take judicial notice of…..prior lawsuits……").

While it is true that a court may convert a motion to dismiss a complaint into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) if a party presents (and the court does not exclude) matters outside of the pleadings, a court may properly consider items subject to judicial notice, and matters of public record, without converting a motion to dismiss into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012)("Judicial notice of public records is appropriate- and does not convert a motion to dismiss into a motion for summary judgment – because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned.").

Taking judicial notice of pleadings filed in other lawsuits is common. *Singh v. Wells*, 2010 U.S. Dist. LEXIS 84077 (N.D.N.Y.)(taking judicial notice of a complaint filed in Court of Federal Claims in conjunction with a motion to dismiss a complaint); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)(taking judicial notice of a second amended complaint in state-court lawsuit "as a public record" pursuant to Rule 201(b) of the Federal Rules of Evidence); *Am. Home Assur. Co. v. Altman Specialty Plaints, Inc.*, 2009 U.S. Dist. LEXIS 6046(S.D.N.Y) (taking judicial notice of an amended complaint filed in a California federal district court); *Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820 hn. 3 (2d Cir.)(finding in deciding a motion to dismiss courts may look to public records, including complaints filed in state court); *Johnson*

*v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011)(judicial notice may encompass other lawsuits

and papers filed in those actions); *Rahman v. Schiro*, 22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014)(in

deciding a motion to dismiss a court may rely upon matters of public record such as judicial

documents and court records).

The fact that legal action was not imminent is further proven by the fact that the SCNYE was

not filed until almost two months from the date of the Defendant's letter.


THE COMPLAINED-OF
MISREPRESENTTIONS
<u>ARE NOT MATERIAL</u>


Although the FDCPA prohibits a debt collector from using of any false, deceptive or

misleading means in connection with the collection of any debt FDCPA case law makes clear

that a plaintiff alleging a § 1692 "e" violation must demonstrate that the statements allegedly

giving rise thereto were "material." A statement cannot mislead the least sophisticated consumer

unless it is material, so a false but not material statement is not actionable under the FDCPA.

*Wahl v. Midland Credit Mgmt.*, 566 F.3d 643, 646 (7th Cir. 2002); *Miller v. Javitch, Block &

Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Wallace v. Washington Mut. Bank*, 683 F.3d 323,

326 (6th Cir. 2012); *Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Warren v.

Sessoms & Rogers*, 676 F.3d 365 (4th Cir. 2012). An immaterial statement or immaterial

information does not constitute an FDCPA violation as such statements do not contribute to the

objective of the FDCPA. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009)(finding

that materiality is an ordinary element of any federal claim based upon a false or misleading

14

statement); *Lane v. Fein, Such & Crane*, 767 F.Supp.2d 383 (E.D.N.Y. 2011)(finding that

inaccurate information about a creditor was not material.); *Klein v. Solomon & Solomon, P.C.*,

2011 U.S. Dist. LEXIS 127606 (D. Conn.)(granting the defendant's motion to dismiss the

complaint finding the plaintiff did not allege that the alleged false and misleading statements

influenced plaintiff's ability to pay or challenge the debt.); *Broughman v. Chiari & Ilecki, LLP*,

2012 U.S. Dist. LEXIS 166658 (W.D.N.Y.)(granting judgment on the pleadings to a defendant

based upon plaintiff's failure to allege that technically false statements, regarding New York

State law procedure, misled him nor did he explain how it would coerce an unsophisticated

consumer to act against his interest or lull him into inactivity to his detriment in regard to the

plaintiff's debt).

    There is nothing in the Complaint which alleges that the statements in the Defendant's letter

influenced the Plaintiff's ability or decision to pay or challenge her BOA debt. As there is

nothing in the Complaint that would render it plausible that the alleged "e" violations were

"material", the Complaint should be dismissed.

    FDCPA case law consistently requires "e" violations to be material. *Gabriele v. American

Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89 (2d Cir. 2012)("Although Congress did not

expressly require that any violation of sec. 1692e be material, courts have generally held that

violations grounded in "false representations" must rest on material representations."); *Lautman

v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y.)("Statements are

material if the statements impede a consumer's ability to pay a debt or if they would impair the

consumer's ability to challenge a debt."); *Carubia v. Cohen & Slamowitz*, 2015 U.S. Dist.

15

LEXIS 7700 *10 (N.D.N.Y.)(finding that a representation is not material, and thus not actionable under 1692e, unless it somehow "..interfered with a consumer's ability to answer and defend himself.").

Attached hereto as Exhibit "3" is a copy of the Answer filed by the Plaintiff in response to the complaint filed in the SCNYE lawsuit. The Answer is replete with alleged legal defenses to the BOA claim. The Answer demonstrates that nothing set forth in the Defendant's letter impaired the Plaintiff's ability to challenge the BOA debt. The Answer demonstrates that nothing set forth in the Defendant's letter interfered with the Plaintiff's ability to answer the SCNYE complaint and attempt to defend herself in regard to the allegations set forth therein.

In *Hahn v. Triumph P'ships, LLC*, supra, the Seventh Circuit Court of Appeals found that the complaint therein did not allege that the consumer would have done something different but for the alleged confusing statements set forth in the complaint. Here, the Plaintiff's Complaint fails to allege that the Plaintiff would have done something different but for the alleged confusing attorney review representations contained in the Defendant's letter.

Even accepting as true the factual allegations of the Complaint in regard to the issue of attorney review, and drawing all inferences in favor of the Plaintiff in regard thereto, the Plaintiff's Complaint does not set forth any allegations that the Plaintiff did not owe a debt nor does the Complaint allege that the Defendant misstated or misrepresented the amount she owed. These facts further establish that the Plaintiff has failed to meet the FDCPA "e" violation "materiality" requirement. *Corazzini v. Litton Loan Servicing, LLP*, 2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)(granting summary judgment to a debt collector on FDCPA "e" claims by stating "Even if defendant did provide a false statement in one or more communications with the

16

plaintiff, plaintiff has failed to establish that the alleged false statements were *material* to her decision to pay her debt or that it impaired her ability to challenge the debt."); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006)(rejecting an "e" claim because the plaintiff "never denied in her complaint that she owed defendant a debt, nor did she claim that the defendant misstated or misrepresented the amount she owed."); *Stewart v. Berman*, 859 F. Supp. 2d 754 (D. Md. 2012)(finding that the plaintiffs therein failed to allege any facts showing that the alleged misrepresentations were material and that the plaintiffs did not allege any substantive error as to the existence of a debt or the timing of the legal foreclosure action commenced therein).

In paragraph 15 of the Complaint the Plaintiff alleges "….said letter is confusing and misleading to the least sophisticated consumer……as to and if there was actual attorney representation on behalf of the Bank of American, N.A." The Plaintiff's Complaint alleges and acknowledges that the Defendant is a law firm. (paragraph 3). There are no allegations in the Plaintiff's Complaint that the attorneys associated with the Defendant are not properly licensed to practice law. Thus, there can be no §1692e(3) violation based upon the Defendant's letter.


THE PLAINTIFF CANNOT ESTABLISH
ACTUAL DAMAGES OF EMOTIONAL
<u>DISTRESS AS ALLEGED</u>


In her Complaint the Plaintiff alleges that she suffered actual damages in that the Defendant's letter caused the Plaintiff to become nervous, upset, anxious and lead her to suffer emotional distress. The Defendant does not doubt that owing such a large debt to the BOA could cause the

17

type of anxiety and stress referenced in the Complaint. However, the FDCPA "is not intended to shield even the least sophisticated recipient of debt collection activities from the inconvenience and embarrassment that are the natural consequences of debt collection." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991) *citing Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986).

To recover actual damages, the debtor must prove she suffered some specific loss. *Emanuel v. American Credit Exchange,* 870 F.2d 805, 808-09 (2d Cir. 1989). A debtor who fails to establish any injury flowing from a debt collector's violation of the FDCPA should not be awarded any actual damages. *Piples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989). Importantly, actual damages claims for emotional distress under the FDCPA have been denied by district courts in the Second Circuit when causation cannot be demonstrated because a consumer's emotional distress predated the FDCPA violations. *Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 U.S. Dist. LEXIS 56872 (E.D.N.Y.). Actual damages have also been denied when the distress was caused by the mere fact that a judgment has been entered against the consumer for a debt which the consumer admittedly owes. *Evanauskas v. Strumpf,* 2001 U.S. Dist. LEXIS 14326 (D. Conn.). The existence of other factors causing a debtor emotional distress may preclude awarding emotional distress damages resulting from one alleged causative factor. There can be no award of actual damages based upon emotional distress when other life factors such as financial difficulties, lawsuits and creditor calls place a debtor under emotional distress. *In re Seniecle*, 2009 Bank. LEXIS 2678 (Bank. N.D.N.Y.).

The Plaintiff previously filed another FDCPA lawsuit in the year 2013 in this federal district

18

court wherein she alleged that the debt collector defendant named therein improperly disclosed her debt to her mother and her sister. As this Court may properly take judicial notice of this lawsuit a copy of the Complaint filed in the matter of *Elaine Wendel v. Firstsource Advantage, LLC*, 13-cv-00410 is attached herewith as Exhibit "4". Therein she alleges the same alleged actual damages as she alleges in the herein action.

It is understandable in this day and age for the Plaintiff to suffer financial hardship in regard to debts which she is alleged to owe. However, and with all due respect to the Plaintiff, her allegations of emotional distress in the herein action fail to set forth a plausible claim for relief. The FDCPA is not intended to shield the Plaintiff, as the recipient of a debt collection activity invoked by the Defendant herein, from the inconvenience and embarrassment that are the natural consequences of debt collection invoked in the attempt to collect a debt in excess of $15,000.

<u>CONCLUSION</u>

The Complaint fails to adequately plead any plausible claim for violation of the FDCPA.

Thus, the Defendants should be awarded a judgment dismissing the Complaint for failure to state

a claim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: New York, New York
      December 3, 2015

Respectfully submitted,

ROBERT L. ARLEO, ESQ. P.C.

<u>/ s / *Robert L. Arleo*</u>
BY: ROBERT L. ARLEO

20