UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELAINE S WENDEL and ,~~,~~
RICHARD G SCHNEIDER,
 individually, and
on behalf of all others similarly situated,

          Plaintiff,

 v.           Civil Action No. 1:15-cv-00936-JTC~~_____~~

MULLOOLY, JEFFREY, ROONEY
& FLYNN, LLP.,

          Defendant.
_____

PLAINTIFFS' PROPOSED FIRST AMENDED **COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is a consumer class~~an~~ action for actual and statutory damages brought in response to Defendants'~~Defendants~~ violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Elaine Wendel is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Richard G Schneider is a natural person residing in the County of Erie and State of New York is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

5.6.Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP. (hereinafter "law office") is a law firm organized as a domestic registered limited liability partnership under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.7.The acts of the DefendantDefendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7.8.Defendant regularly attempts to collect debts alleged to be due another.

8.9.All references to the Defendanteither defendant herein shall mean the Defendantsaid defendant or an employee of said defendant.

## IV. FACTUAL ALLEGATIONS

9.10.  That Plaintiffs eachPlaintiff allegedly incurred a consumer debt to Bank of America, N.A. successor-in-interest to FIA Card. This debt will be referred to as the "subject debtsdebt."

10.11.  That the subject debtsdebt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11.12.  PlaintiffsPlaintiff allegedly defaulted on the subject debt.

12.13.  That on or about January 13, 2015, Defendant sent a letter to the Plaintiff Elaine S. Wendel, on Defendant's law firm letterhead along with the law firm name stated on the signature line, advising that "our law firm has been retained" and that the "Bank may invoke its right to file a lawsuit" against Plaintiff. A true and correct copy of this letter is attached hereto as "Exhibit A."

13.14.  This letter dated January 13, 2015 also states that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

15. It is not clear who signed the January 13, 2015 letter on behalf of Defendant, and whether this individual was an attorney. Under the signature line, the name J. Kennedy is present along with a contact phone number.

16. Upon information and belief, J. Kennedy, is not an attorney, but is a collections manager with a bachelor's degree in business administration.

14.17.  Said letter confused and misled the Plaintiff Elaine S. Wendel as to if there was actual attorney representation on behalf of Bank of America, N.A.

15.18.    Said letter is confusing and misleading to the least sophisticated consumer as that term is defined by law, as to if there was actual attorney representation on behalf of Bank of America, N.A.

16.19.    Said letter is deceptive and materially misrepresents Plaintiff's potential liability for the alleged subject debt.

17.20.    That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

V. CAUSE OF ACTION

21. Defendant sent a letter to the Plaintiff Richard D. Schneider, on Defendant's law firm letterhead along with the law firm name stated on the signature line, advising that "our law firm has been retained" and that the "Bank may invoke its right to file a lawsuit" against Plaintiff. A true and correct copy of this letter is attached hereto as "Exhibit B."

22. This letter dated January 7, 2015 also states that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

23. It is not clear who signed the January, 2015 letter on behalf of Defendant, and whether this individual was an attorney. Under the signature line, the name G. Brickman is present along with a contact phone number. A search of the New York State Bar Association's online registry reveals that there is no attorney admitted with a last name of Brickman.

24. Upon information and belief, G. Brickman is not an attorney, but is a debt collector employed by the Defendant.

25. Said letter confused and misled the Plaintiff Richard D. Schneider as to if there was actual attorney representation on behalf of Bank of America, N.A.

26. Said letter is confusing and misleading to the least sophisticated consumer as that term is defined by law, as to if there was actual attorney representation on behalf of Bank of America, N.A.

27. Said letter is deceptive and materially misrepresents Plaintiff's potential liability for the alleged subject debt.

28. That as a result of Defendant's acts, Plaintiff Richard D. Schneider became nervous, upset, anxious, and suffered from emotional distress.

**V. CLASS ALLEGATIONS**

29. Plaintiffs bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure 23.  A class action is appropriate and preferable in this case because:

   a. **Numerosity:** The letters forming the basis of Plaintiffs' complaint is a form letter, which has been sent to untold numbers of New Yorkers.  Plaintiffs note that the letters appear to contain a tracking number "D4BOA."  Based on the fact that the letters carry a tracking number, and the fact that they appear to be form letters, and upon further information and belief, the letters have been sent to hundreds (if not thousands) of New Yorkers.  As such, the class would be so numerous that joinder of the individual members would be impracticable.

18. **Common Questions Predominate:** There are questions of law and fact common to the class that predominates over any questions affecting only individual class members.  The principal questions exhibited in this case are whether the Defendant's letters violate~~Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.~~

   ~~A.~~b.   ~~Defendants violated~~ 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) by stating that Plaintiff may be sued for the alleged subject debt even though no attorney had reviewed the particular circumstances of Plaintiff's account.  The only individual issues are the identification of the consumers who received Defendant's letters.  This issue is capable of ministerial determination from Defendants' records.

   c. **Typicality:** The Plaintiffs' claims are typical of other class members.  Plaintiffs and all members of the Plaintiffs' class or classes have claims arising out of the Defendants' unlawful letter. The entire class or classes will benefit from the remedial and monetary relief sought in this action.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members.  The Plaintiffs are committed to vigorously litigating this matter.  Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Neither the individual Plaintiffs, nor his counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. The members of the class are generally unsophisticated consumers, whose rights will note be vindicated in the absence of a class action. Prosecution of separate actions by

[Comment: **Formatted:** Left, Indent: Left: 1", Hyphenate, Tab stops: Not at 0.25" + 2.5"]

      individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

30. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the class under Rule 23(b)(1), Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Based on further discovery and further investigation (including, but no limited to, Defendant's disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the classes, class claims, and the class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VI. ~~CAUSE OF ACTION~~

32. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 31 above.

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) by:

        i. Stating and otherwise implying that Plaintiffs may be sued for the alleged subject debt even though no attorney had reviewed the particular circumstances of Plaintiffs' accounts.

        ii. Misrepresenting the level of attorney involvement. Assuming the letter was signed by an attorney, the letter could cause the least sophisticated consumer to reasonably believe that an attorney communicated and acknowledged that a lawsuit against Plaintiffs was justified and imminent. In the alternative, in the event that the letter was not signed by an attorney, the letter clearly misrepresented attorney involvement because the least sophisticated consumer could reasonably believe that the letter was from an attorney, given the totality of the letter.

~~19.~~33. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiffs~~Plaitiff~~ became nervous, upset, anxious and suffered from emotional distress.

34. This count is brought by Plaintiffs, individually and on behalf of a class consisting of consumers with New York addresses who:

    A. Within one year before the filing of Plaintiffs' motion to amend in this action;

5

B.  Who were sent a letter from Defendant which was substantial similar or materially identical to the letter attached as "Exhibit A" or "Exhibit B" or were sent a letter from Defendant that:

1.  Was on Defendant's letterhead;

2.  Noted that Defendant had been "retained" by a creditor regarding an alleged debt;

3.  Stated that the Creditor may "invoke its right to file a lawsuit against you."

4.  Contains the boilerplate disclaimer that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account"

5.  Is signed on behalf of Defendant.

**WHEREFORE**, Plaintiffs~~Plaintiff~~ respectfully requests that judgment be entered against the~~each~~ Defendant for:

a.  An order certifying a class action under Fed. R. Civ. P. 23;
b.  ~~(a)~~ Actual damages;

~~(b)~~c.  Statutory damages pursuant to 15 U.S.C. §1692k.

~~(c)~~d.  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;~~.~~

e.  ~~(e)~~ For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand~~Plaintiff demands~~ trial by jury in this action.

Dated: December 28~~October 29~~, 2015

/s/ Seth J. Andrews

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
~~Law Offices of Kenneth Hiller, PLLC~~
*Attorneys for the Plaintiff*

sandrews@kennethhiller.com

6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:

     khiller@kennethhiller.com

**Formatted:** Right: 0", Tab stops: 4.03", Left + 6.5", Right + Not at 4" + 6.38"

7