UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

ELAINE S WENDEL,

                              Plaintiff,

    v.                                                            Civil Action No. 1:15-cv-00936-JTC

MULLOOLY, JEFFREY, ROONEY
& FLYNN, LLP.,

                              Defendant.
───────────────────────────────────────────────

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND ADD RICHARD G. SCHNEIDER AS A PLAINTIFF

### PRELIMINARY STATEMENT

This is a case brought by Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. for Defendant's alleged deceptive and misleading tactics utilized in the course of their attempt to collect a consumer debt. On December 3, 2015, Defendant filed a motion to dismiss the Plaintiff's compliant (Docket No. 7). The Court issues a text Order stating that Plaintiff's opposition toe Defendant's motion was to be filed by December 28, 2015. (Docket No. 8).

Plaintiff now brings this motion under Rule 15, 18 and 21 of the FRCP for permission to file and serve an amended complaint to assert a cause of action on a class wide basis as well to join Richard G. Schneider as a co-plaintiff in the matter.

**ARGUMENT**

I.  **THE FEDERAL RULES REQUIRE ALLOWANCE OF THE PROPOSED AMENDMENT TO THE COMPLAINT**

The Federal Rules provide that with respect to the amendment of pleadings "The court should freely give leave to [to allow amendments] when justice so requires." FRCP 15(a)(3).  As noted by the Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 378 U.S. 178, 182 (1962).

In this case, the deadline for Plaintiff Elaine S. Wendel to file her opposition to Defendant's motion to dismiss has not yet lapsed.  There is no dilatory or bad faith motive on the part of the Plaintiff, there is no prejudice whatsoever given the fact that discovery has not even commenced, and as will be shown below, the amendment is not futile.  Given the length of time still remaining to conduct discovery, and given the fact that the operative facts underlying Plaintiff Elaine S. Wendel's FDCPA claims are essentially the same as Richard G. Schneider's FDCPA claims, the Defendant will not be prejudiced by the granting of this motion.

Further, it should be noted that this motion is brought before there is even a Case Management Order in place. As such, good cause need not be shown for any perceived delay in

requesting leave to amend the complaint. *Kassner v. 2nd Delicatessen Inc.*, 496 F.3d 229, 242-45 (2d Cir. 2007).

When a party seeks to amend a complaint under Rule 15(a) to join additional claims or parties, the joinder will not be permitted simply because the requirements of Rule 15 have been met.  Rather, the propriety of the amendment is also subjected to scrutiny under Rule 21.  *See, e.g.*, *Javier H. v. Garcia-Botello*, 239 F.R.D. 342, 346 (W.D.N.Y.,2006) ("Although Fed.R.Civ.P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new parties."); *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y.,2008) ("While motions to amend are generally governed by Rule 15(a), Rule 21 controls if the proposed amendment adds new parties.") (citing *Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001) (citing *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966))).

Federal Rule of Civil Procedure 21 states that a party may be added to an action "at any time, on just terms." Fed.R.Civ.P. 21. In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." See, e.g., *Javier H.*, 239 F.R.D. 342, 346 (W.D.N.Y.,2006); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y.1980) (*quoting Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N .Y.1972)); *accord Smith v. P.O. Canine Dog Chas*, No. 02 Civ. 6240, 2004 WL 2202564, at *12 n.ll (S.D.N.Y. Sept. 28, 2004); *Momentum Luggage*, 2001 WL 58000, at *2; *Clarke v. Fonix Corp.*, No. 98 Civ. 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999). Thus, joinder will be permitted absent undue delay, bad faith, prejudice, or futility.  *See Javier H*, 239 F.R.D. 342, 346 (W.D.N.Y.,2006); *Oneida Indian Nation of New York v. City of Sherill*, 337

F.3d 139, 168 (2d Cir.2003), *rev'd on other grounds*, 544 U.S. 197 (2005); *Smith v. CPC International, Inc.*, 104 F.Supp.2d 272, 274 (S.D.N.Y.2000).

No reasonable argument can be made that Plaintiff has acted with undue delay, or bad faith. This amended pleading has been brought prior to the deadline to respond to Defendant's 12(b)(6) motion, and has been made extremely early in the course of the litigation. As such, there has been no undue delay. Nor can it be said that Defendant has been prejudiced. Rather, given the identical legal and factual issues surrounding both Plaintiffs' claims, it is beneficial to all parties to try the respective claims of the Plaintiffs in a single action.

## II. PLAINTIFFS' CLAIMS FOR VIOLATIONS OF THE FDCPA NOT FUTILE.

Plaintiff alleges that Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(3), and 15 U.S.C. §1692e(10) by stating and otherwise implying that Plaintiffs may be sued for the alleged subject debt even though no attorney had reviewed the particular circumstances of Plaintiffs' accounts. Furthermore, Defendant sent Plaintiff a form letter on its law firm letter head that may or may not have been signed by an attorney. In either instance, the signing of the letter mis-represents the level of attorney involvement on the Plaintiffs' respective accounts.

The controlling case in this district is Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2nd Cir. 2005). In that case, the court held that "[A]ttorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is *not misleading*. Put another way, our prior precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes *disclaimers* that should make clear

even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." Greco, F.3d at 364.

However, the facts in this case differ from Greco in that the letters sent to the Plaintiff's included far more aggressive legal language such as "retained" and "invoke its right to file a lawsuit." Furthermore, the letters sent to the Plaintiff were sent on Defendant's law firm letter head and signed by an individual purporting to be an attorney as evidenced by the Defendant's law firm name underscoring the signature line of the letters.

The signed letter on a law firm's letter head coupled with the afore-mentioned aggressive and threatening legal language overshadows the disclaimer that "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." The fact that the letter was signed, purportedly by an attorney, clearly mis-represents the level of attorney involvement as the least sophisticated consumer could read the letter and based on its content, believe that he was likely to be sued for the alleged debt.  In the event that it was not signed by an attorney, this undeniably a misrepresentation of attorney involvement per Clomon v. Jackson, 988 F.2d 1314 (2nd Cir.1993) ('The use of an attorney's signature on a collection letter implies that the letter is 'from' the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent").

Other courts when faced with similar facts as those before this Court have held that the operative language coupled with a signed law firm letter implies a false sense of attorney involvement. See Dunn v. Derrick E. McGavic, P.C., 653 F.Supp.2d 1109 (Or. 2009) (Finding letter violates FDCPA as Defendant's disclaimer is obscured by the relative complexity of its letter and overarching implications of impending legal action); Robertson v. Richard J. Boudreau & Assocs., LLC, 2009 WL 5108479 (N.D. Cal. 2009) (Holding that word "*retained*" (emphasis

added) suggests that it is from an attorney hired to do legal work and disclaimer that "no attorney with this firm has personally reviewed the particular circumstances of your account" is contradicted and overshadowed by the rest of the language in each letter, which would suggest to the least sophisticated consumer that the letter was from an attorney); <u>Nepomuceno v. Legal Recovery Law Offices, Inc.</u>, 2014 WL 2711828 (S.D. Cal. 2014) (The use of "legal action", among other legal terms in the letter, coupled with an attorney's signature, overshadows the express disclaimer that no attorney had reviewed the file).

Lastly, the language of the actual letter at issue in <u>Greco</u> is stated in full in the Second Circuit's decision and therefore was readily available to the Defendant. The Second Circuit in essence provided a roadmap for debt collectors to follow when sending out collection letters on legal letterhead. Defendant could have easily replicated the language in <u>Greco</u> to ensure it complied with the FDCPA but instead it elected to go beyond Greco's scope of protection and it should bear the consequences of that decision.

## **CONCLUSION**

By reason of the foregoing, this Court should grant Plaintiff's motion to amend the complaint.

Dated:  December 28, 2015

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
　　　　khiller@kennethhiller.com