UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x     15-CV-00936 (JTC)

ELAINE S. WENDEL,


                    Plaintiff

            -against-



MULLOOLY, JEFFREY, ROONEY & FLYNN,
LLP,


                    Defendant

---------------------------------------------------------------x




DEFENDANT'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO
AMEND COMPLAINT

ROBERT L. ARLEO, ESQ. P.C.
Attorney for the Defendant
380 Lexington Avenue, 17th Fl.
New York, New York  10168
(212) 551-1115

# Table of Contents

**Page**

**Table of Citations**

I.     PRELIMINARY STATEMENT……………………………………....    1

II.    STATEMENT OF QUESTION PRESENTED………………….....    2

III.   ARGUMENT…………………………………………………..    3

        PLAINTIFF SEEKS TO ADD
CLAIMS KNOWN TO HER WHEN
SHE FILED HER COMPLAINT……………………………………..    3

        PLAINTIFF'S MOTION TO AMEND
WAS FILED SOLELY TO PREVENT A
DECISION REGARDING DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT………………………..    4

        THE PROPOSED AMENDED
COMPLAINT IS FUTILE………………………………………………    4

        APPLICATION OF THE 12(b)(6)
STANDARD MANDATES DENIAL
OF THE MOTION TO AMEND………………………………………    7

        THE FAIR DEBT COLLECTION PRACTICES ACT………………..    6

        THE DEFENDANT DID NOT
FALSELY IMPLY ATTORNEY
INVOLVEMENT……………………………………………………    10

        THE STATEMENT REGARDING
LEGAL ACTION DOES NOT
CONNOTE ATTORNEY REVIEW…………………………………...    15

THE REFERENCE TO A
CONTACT PERSON DOES
NOT CONTRADICT THE
*GRECO* NOTICE………………………………………………..      19


THE COMPLAINED-OF
MISREPRESENTTIONS
ARE NOT MATERIAL…………………………………………….      21


CONCLUSION…………………………………………………      25

Table of Citations

Page

Cases

*Am. Home Assur. Co. v. Altman Specialty Plaints, Inc.*,
2009 U.S. Dist. LEXIS 6046 (S.D.N.Y)……………………………………………….. 19

*Antkowiak v. TaxMasters*,
779 F. Supp. 2d 434, 451 (E.D. Pa. 2011)…………………………………………… 13

*Ansam Assocs., Inc. v. Cola Petro, Ltd.*,
760 F.2d 442, 446 (2d Cir. 1985)……………………………………………………. 4

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)……………………………………………………………….. 8

*Avila v. Riexinger & Assocs., LLC*,
2015 U.S. Dist. LEXIS 48926 (E.D.N.Y.)…………………………………………….. 16

*Avila v. Van Ru Credit Corporation*,
84 F.3d 222, 228 (7th Cir. 1996)……………………………………………………. 15

*Barbosa v. Continuum Partners, Inc.*,
716 F.2d 210, 215 (S.D.N.Y. 2010)…………………………………………………. 8

*Barrows v. Forest Labs, Inc.*,
742 F.2d 54, 58-59 (2d Cir. 1984)…………………………………………………… 4

*Beattie v. D.M. Collections, Inc.*,
754 F. Supp. 383, 394 (D. Del. 1991)……………………………………………….. 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………. 8

*Bentley v. Dennison*,
852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012)…………………………………….. 18

*Berman v. Parco*,
986 F. Supp. 195, 216 (S.D.N.Y. 1996)…………………………………………….. 3

*Berger v. Suburban Credit Corp.*,
2006 U.S. Dist. LEXIS 62909 (E.D.N.Y.)……………………………………………. 17

*Broughman v. Chiari & Ilecki, LLP,*
2012 U.S. Dist. LEXIS 166658 (W.D.N.Y.)……………………………………………… 22

*Byrd v. City of New York,*
2005 U.S. App. LEXIS 10820 hn. 3 (2d Cir.)………………………………………….. 19

*Carubia v. Cohen & Slamowitz,*
2015 U.S. Dist. LEXIS 7700 *10 (N.D.N.Y.)……………………………………………… 22

*Chudnovsky v. Levinton Mfg. Co.,*
158 Fed. Appx. 312, 314 (2d Cir. 2005)………………………………………………….. 5

*Clomon v. Jackson,*
988 F.2d 1314, 1319 (2d Cir. 1993)………………………………………………………… 7

*Commer v. McEntee,*
2006 U.S. Dist. LEXIS 82395, *54-*55 (S.D.N.Y.)……………………………………….. 3

*Corazzini v. Litton Loan Servicing, LLP,*
2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)……………………………………………….. 23

*Davis v. Lyons, Dougherty & Veldhuis, P.A.,*
855 F.Supp.2d 279, 283-284 (D. Del. 2012)…………………………………………… 14

*DeFilippo v. N.Y. State Unified Court Sys.,*
2006 U.S. Dist. LEXIS 19640 *63 (E.D.N.Y.)…………………………………………..... 4

*Dougherty v. North Hempstead Bd. of Zoning Appeals,*
282 F.3d 83, 88 (2d Cir. 2002)……………………………………………………………… 5

*Dunn v. Derrick E. McGavie, P.C.,*
653 F. Supp. 2d 1109 (D. Or. 2009)……………………………………………………… 11

*Ellis v. Solomon & Solomon, P.C.,*
591 F.3d 130, 135 (2d Cir. 2010)…………………………………………………………… 7

*Gabriele v. American Home Mortgage Servicing, Inc.,*
503 Fed. Appx. 89, 94 (2d Cir. 2012)…...……………………………………………….. 22

*Gervais v. Riddle & Associates, P.C.,*
479 F. Supp. 2d 270, 275 (D. Conn. 2007)……………………………………………… 17

*Global Network Comm'ns, Inc. v. City of New York,*
458 F.3d 150, 157 (2d Cir. 2006)………………………………………………………….. 18

*Gorman v. Consol. Edison Corp.*,
488 F.3d 586, 591-92 (2d Cir. 2007)…………………………………………………… 8

*Greco v. Trauner, Cohen & Thomas, LLP*,
412 F.2d 360 (2nd Cir. 2005)…………………………………………………………… 11

*Hahn v. Triumph P'ships, LLC*,
557 F.3d 755 (7th Cir. 2009)…………………………………………………………… 22

*Hampshire Equity Partners II, L.P. v. Jeradyne, Inc.*,
159 Fed. Appx. 317, 318 (2d Cir. 2005)……………………………………………….. 5

*Harrington v. Pinkerton's, Inc.*,
39 Fed. Appx. 655, 657 (2d Cir. 2002)………………………………………………… 6

*Harvey v. Great Seneca Fin. Corp.*,
453 F.3d 324, 332 (6th Cir. 2006)……………………………………………………… 23

*Hayden v. Patterson*,
594 F.3d150, 160-61 (2d Cir. 2010)…………………………………………………… 8

*Health-Chem Corp. v. Baker*,
915 F.2d 805, 810 (2d Cir. 1990)……………………………………………………… 6

*Jacobson v. Healthcare Fin. Servs.*,
516 F.3d 85, 89 (2d Cir. 2008)………………………………………………………… 7

*Jenkins v. Union Corp.*,
999 F. Supp. 1120, 1136 (N.D. Ill. 1998)……………………………………………… 16

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*,
559 U.S. 573, 130 S.Ct. 1605, 1608 (2010)…………………………………………… 7

*Johnson v. Levy*,
812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011)…………………………………………….. 19

*Klein v. Solomon & Solomon, P.C.*,
2011 U.S. Dist. LEXIS 127606 (D. Conn.)…………………………………………….. 22

*Knowles v. Credit Bureau of Rochester*,
1992 U.S. Dist. LEXIS 8349 (W.D.N.Y.)……………………………………………… 16

*Lane v. Fein, Such & Crane*,
767 F.Supp.2d 383 (E.D.N.Y. 2011)…………………………………………………… 22

*Lautman v. 2800 Coyle St. Owners Corp.*,
2014 U.S. Dist. LEXIS 137454 (E.D.N.Y.)…………………………………………… 22

*Lawrence v. Baxter*,
2004 U.S. Dist. LEXIS 18022 *15-*16 (W.D.N.Y.)……………………………….. 4

*Luellen v. Hodge*,
2013 U.S. Dist. LEXIS 14148 *15 (W.D.N.Y.)………………………………….... 3

*Madonna v. Academy Collection Serv.*,
1997 U.S. Dist. LEXIS 13315 (D. Conn.)…………………………………………… 16

*Maguire v. Citicorp. Retail Servs.*,
147 F.3d 232, 236 (2d Cir. 1998)…………………………………………………… 7

*Marley v. Ibelli*,
52 Fed. Appx. 564 (2d Cir. 2002)…………………………………………………… 5

*Martinez v. Johnson*,
2013 U.S. Dist. LEXIS 35826 (D. Utah)…………………………………………… 12

*Miller v. Wolpoff & Abramson, LLP*,
321 F.3d 292 (2d Cir. 2003)………………………………………………………… 11

*Mills v. Polar. Molecular Corp.*,
12 F.3d 1170, 1174 (2d Cir. 1993)……………………………………………….. 8

*Murphy v. Bronson, Cawley & Bergmann, LLP*,
2011 U.S. Dist. LEXIS 64600 (S.D. Cal.)………………………………………… 13

*Nepomuceno v. Legal Recovery Law Offices, Inc.*,
2014 U.S. Dist. LEXIS 81761 *9-*10 (S.D. Cal.)………………………………… 12

*Olson v. Risk Mgmt. Alternatives, Inc.*,
366 F.3d 509 (7th Cir. 2004)……………………………………………………… 7

*Omegbene v. Risk Mgmt. Alternatives, Inc.*,
2003 U.S. Dist. LEXIS 25781 (E.D.N.Y.)………………………………………… 8

*Papason v. Allain*,
478 U.S. 265, 286 (1986)………………………………………………………….. 8

*Peak v. Southern & Allen*,
2010 U.S. Dist. LEXIS 41101 * 13 (E.D. Ark.)…………………………………… 20

*Pollard v. Law Office of Mandy L. Spaulding,*
967 F. Supp. 2d 470, 478 (D. Mass. 2013)……………………………………………….. 12

*Priestley v. American Airlines, Inc.,*
1991 U.S. Dist. LEXIS 4804 *3 (S.D.N.Y.)…………………………………………… 3

*Rahman v. Schiro,*
22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014)……………………………………………… 19

*Rothman v. Gregor,*
220 F.3d 81, 92 (2d Cir. 2000)………………………………………………………… 19

*Ruffolo v. Oppenheimer & Co.,*
987 F.2d 129, 131 (2d Cir. 1993)……………………………………………………….. 5

*Samuels v. Air Transport Local, 504,*
992 F.2d 12, 15 (2d Cir. 1993)………………………………………………………… 8

*Santacruz v. Standley & Associates, LLC,*
2011 U.S. Dist. LEXIS 27885 *13 (D. Colorado)……………………………………… 13

*Singh v. Wells,*
2010 U.S. Dist. LEXIS 84077 (N.D.N.Y.)……………………………………………… 19

*Staehr v. Hartford Fin. Servs. Group,*
547 F.3d 406, 425-426 (2d Cir. 2008)………………………………………………….. 18

*Stewart v. Berman,*
859 F. Supp. 2d 754 (D. Md. 2012)…………………………………………………… 23

*Stokes v. Farrell Law Group, LLC,*
2012 U.S. Dist. LEXIS 58394 *7 (D. N.J.)…………………………………………… 20

*Stewart v. Berman,*
859 F. Supp. 2d 754 (D. Md. 2012)…………………………………………………… 17

*Taylor v. Pinnacle Credit Servs., LLC,*
2011 U.S. Dist. LEXIS 36420 (N.D. Cal. 2011)……………………………………….. 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308, 322 (2007)……………………………………………………………….. 18

*Underwriters Ins. Co. v. Ziering et al.,*
2010 U.S. Dist. LEXIS 88883 *8-*9 (E.D.N.Y.)……………………………………… 5

*Villager Pond. Inc. v. Town of Darien*,
56 F.3d 375, 378 (2d Cir. 1995)……………………………………………………….. 8

*Woolfolk v. Van Ru Credit Corp.*,
783 F. Supp. 724, 727 (D. Conn. 1990)………………………………………… 17


Other authorities

Fed. R. Civ. P. 12(b)(6)……………………………………………………………… 5

Fed. R. Civ. P. 8………………………………………………………………………… 18

Fed. R. Civ. P. 12(d)………………………………………………………………… 18

Fed. R. Ev. 201(b)……………………………………………………………………… 19

15 U.S.C. § 1692 *et seq*.......................................................................................... 7

15 U.S.C. § 1692g…………………………………………………………………….. 10

15 U.S.C. § 1692e……………………………………………………………………… 7

15 U.S.C. § 1692e(3)………………………………………………………………… 11

# I.    PRELIMINARY STATEMENT

The Plaintiff's Complaint alleges that the Defendant violated the Fair Debt Collection Practices Act. In response thereto the Defendant filed a motion to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof the Defendant filed a Memorandum of Law ("Defendant's Dismissal Memorandum").

Instead of opposing the Defendant's dismissal motion, and in the attempt to prevent the court from rendering a decision in regard to the dismissal motion, the Plaintiff has filed a motion to amend her Complaint to now allege class action allegations against the Defendant, add an additional party as a co-Plaintiff and assert a further alleged basis for violation of the FDCPA based upon a signature line at the bottom of the Defendant's form collection letter.

The Defendant now files the herein Memorandum of Law in opposition to the Plaintiff's motion to amend her Complaint.

## II.      STATEMENT OF QUESTION PRESENTED

A. Does the proposed Amended Complaint plead

any plausible claim(s) for violation of the FDCPA?

Answer- No.

# III.    ARGUMENT

PLAINTIFF SEEKS TO ADD
CLAIMS KNOWN TO HER WHEN
<u>SHE FILED HER COMPLAINT</u>

In her proposed Amended Complaint the Plaintiff seeks to add further legal claims based upon alleged facts which were available to her at the time she filed her Complaint. First, Plaintiff now complains about the statement "REFER TO:  J.KENNEDY" set forth at the bottom of the Defendant's form letter. Next, Plaintiff now seeks to add class claims. Each of these allegations are based upon facts which were available to the Plaintiff at the time she filed her Complaint.

As aptly stated by the court in *Berman v. Parco*, 986 F. Supp. 195, 216 (S.D.N.Y. 1996):

> "Delay in seeking leave to amend a pleading is generally not in
> and of itself, a reason to deny a motion to amend. However,
> the Court may deny a motion to amend when the movant knew
> or should have known of the facts upon which the amendment is
> based when the original pleading was filed, particularly where the
> movant offers no excuse for the delay……"

*citing Priestley v. American Airlines, Inc.*, 1991 U.S. Dist. LEXIS 4804 *3 (S.D.N.Y.). *See also Luellen v. Hodge*, 2013 U.S. Dist. LEXIS 14148 *15 (W.D.N.Y.); *Commer v. McEntee,* 2006 U.S. Dist. LEXIS 82395, *54-*55 (S.D.N.Y.)(denying motion to amend complaint to allege previously known alleged pendent New York State contract law claim).

At the time she filed her Complaint the Plaintiff clearly knew of the two additional alleged claims which she seeks to assert in her proposed Amended Complaint. Plaintiff could have alleged class claims on her own at the time she filed her Complaint. The Plaintiff could have alleged her claims regarding the contact person at the end of the subject letter at the time she

filed her Complaint. Notwithstanding, whether or not the identity of the proposed additional alleged class representative was known to the Plaintiff at the time she filed her Complaint is of no concern to the Court. One person is all that is needed to act as a proposed class representative in conjunction with any class action complaint. Importantly, the Plaintiff offers no excuse for her delay in advancing alleged class allegations and for now setting forth allegations based upon the contact person referenced at the end of the Defendant's form letter.

PLAINTIFF'S MOTION TO AMEND
WAS FILED SOLELY TO PREVENT A
DECISION REGARDING DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT

Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the court from granting a motion to dismiss or a motion for summary judgment, particularly when the new claim could have been raised earlier. *Ansam Assocs., Inc. v. Cola Petro, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *Barrows v. Forest Labs, Inc.*, 742 F.2d 54, 58-59 (2d Cir. 1984); *Lawrence v. Baxter*, 2004 U.S. Dist. LEXIS 18022 *15-*16 (W.D.N.Y.); *DeFilippo v. N.Y. State Unified Court Sys.*, 2006 U.S. Dist. LEXIS 19640 *63 (E.D.N.Y.). Plaintiff's motion to amend is simply a baseless attempt to delay the inevitable.

THE PROPOSED AMENDED
COMPLAINT IS FUTILE

In her Memorandum of Law in support of her motion to amend her Complaint (Dkt. No. 11-4)("the amendment Memorandum"), pages 4-6 therein, the Plaintiff asserts that the allegations in her proposed Amended Complaint are not "futile". This statement is without merit and should be

summarily rejected by the Court.

Futility of a proposed amendment is analyzed by use of the same standard as an Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Underwriters Ins. Co. v. Ziering et al.*, 2010 U.S. Dist. LEXIS 88883 *8-*9 (E.D.N.Y.). An amendment is futile if the proposed claims could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Where leave to amend would be unproductive or futile denial of leave to amend is proper. *Chudnovsky v. Levinton Mfg. Co.*, 158 Fed. Appx. 312, 314 (2d Cir. 2005). It is not an abuse of discretion to deny leave to amend when the amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Hampshire Equity Partners II, L.P. v. Jeradyne, Inc.*, 159 Fed. Appx. 317, 318 (2d Cir. 2005); *Marley v. Ibelli*, 52 Fed. Appx. 564 (2d Cir. 2002)(affirming denial of motion to amend).

Importantly, the Defendant's Dismissal Memorandum sets forth numerous cases and legal arguments which demonstrate that the allegations set forth in the Complaint are without merit. Plaintiff's motion to amend her Complaint must be analyzed by the very arguments set forth in Defendant's motion to dismiss the Complaint. The Plaintiff had every opportunity to attempt to refute the Defendant's deep and thorough dismissal legal analysis in support of her motion to amend her Complaint but has woefully failed in regard thereto. Although allotted a full 25 pages in which to set forth legal case precedent and legal reasoning to attempt to refute the Defendant's compelling arguments for dismissal, the Plaintiff sets forth a *mere* two and one-half pages in regard to the futility issue. This woeful failure to address the demonstrated arguments against the allegations that the Defendant's letter violates the FDCPA indicates that the Plaintiff is well-aware that her FDCPA arguments fail as a matter of law and otherwise warrants full denial of her

5

motion to amend her Complaint.

The proposed Amended Complaint alleges virtually the same allegations of violation of the FDCPA which are based upon the same form letter upon which the Plaintiff bases her Complaint. The Defendant has already demonstrated that it has not violated the FDCPA as alleged by the Plaintiff in her Complaint.

Plaintiff's proposed Amended Complaint is futile as it alleges the same proposed FDCPA claims which cannot withstand the Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)(notwithstanding the additional claim based upon the reference to the contact person in the letter which will be addressed in more detail below). Thus, granting the Plaintiff leave to amend her Complaint would be unproductive and futile rendering denial of leave to amend her Complaint proper. This Court would not be abusing its discretion by denying the Plaintiff's motion to amend her Complaint.

If there is no merit in a proposed amended complaint leave to amend should be denied. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990); *Harrington v. Pinkerton's, Inc.*, 39 Fed. Appx. 655, 657 (2d Cir. 2002)(affirming denial of motion to amend where amendment would be futile). For the reasons set forth in the Defendant's motion to dismiss the Plaintiff's Complaint, and for the reasons set forth herein, there is no merit in the Plaintiff's proposed Amended Complaint and leave to amend should be denied by this Court.

## THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

by debt collectors." 15 U.S.C. § 1692 *et seq.* Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 130 S.Ct. 1605, 1608 (2010); *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 89 (2d Cir. 2008).

The FDCPA prohibits the use of any false, deceptive and/or misleading debt collection means. 15 U.S.C. § 1692e. In evaluating claims for violation of the FDCPA's prohibition against false, deceptive and misleading debt collection means, a court must use an objective standard based upon whether the "least sophisticated consumer" would be deceived by a statement made in a collection communication. *Maguire v. Citicorp. Retail Servs.*, 147 F.3d 232, 236 (2d Cir. 1998). The least sophisticated consumer standard is designed to protect consumers while, at the same time, protecting debt collectors from bizarre or idiosyncratic interpretations of statements made in collection communications. Even the "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Furthermore, consumers are capable of making logical deductions based upon statements made in debt collection communications. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509 (7th Cir. 2004).

APPLICATION OF THE 12(b)(6)
STANDARD MANDATES DENIAL
<u>OF THE MOTION TO AMEND</u>

In deciding a motion to dismiss a complaint, a court must accept as true the factual allegations

of the complaint and draw all inferences in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007). However, a court is not required to accept the truth of legal conclusions couched as factual allegations. *Papason v. Allain*, 478 U.S. 265, 286 (1986). In making a Fed. R. Civ. P. 12(b)(6) determination a court's inquiry is limited solely to the contents of the complaint, those documents attached to the complaint as exhibits or incorporated by reference therein and matters which judicial notice may be taken. *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993); *Omegbene v. Risk Mgmt. Alternatives, Inc.*, 2003 U.S. Dist. LEXIS 25781 (E.D.N.Y.).

As this Court is well aware the matters of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) each saw the United States Supreme Court set forth a standard of pleading requirement in order to allege a cause of action under Fed. R. Civ. P. 8. In *Twombly*, the Supreme Court held that a federal complaint must contain factual allegations which "must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court further stated therein that there must be sufficient facts to state a claim to relief that is "plausible on its face." *Id* at 570. See also *Hayden v. Patterson*, 594 F.3d150, 160-61 (2d Cir. 2010). In *Iqbal*, the Supreme Court held that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." 129 S.Ct. at 1949. A complaint must state "a plausible claim for relief" in order to defeat a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Id*. "Plausibility" does not give rise to the level of probability but requires more than a sheer possibility that a defendant has acted unlawfully. *Barbosa v. Continuum Partners, Inc.*, 716 F.2d 210, 215 (S.D.N.Y. 2010). See also *Villager Pond. Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

This Court must recognize and apply the proper standard of pleading requirement in order to allege a cause of action under Fed. R. Civ. P. 8. The Plaintiff's proposed Amended Complaint does not contain factual allegations which are enough to raise a right to relief under the FDCPA above the speculative level. The Plaintiff fails to state any plausible claim that the Defendant violated the FDCPA.

The Defendant fully recognizes that this Court must accept as true the factual allegations of the proposed Amended Complaint and draw all inferences in favor of the Plaintiff. However, this Court is not required to accept the truth of legal conclusions set forth in the proposed Amended Complaint which are simply couched as factual allegations.

In regard as to whether there is actual attorney representation. The first sentence of the Defendant's letter states "Our law firm has been retained by Bank of America, N.A....in connection with the above-referenced account." This statement is factual despite the fact that no attorney had reviewed the particular circumstances of the account. Simply advising that no attorney had reviewed the particulars regarding the BOA debt does not contradict the fact that the Defendant represents the BOA. Although aware that the Defendant is advancing this sound argument the Plaintiff failed to address this argument in regard to the issue of futility of the Plaintiff's proposed Amended Complaint.

Contrary to the Plaintiff's allegations the letter does not misrepresent the Plaintiff's potential liability for the alleged debt. The letter simply asserts a fact: the BOA may invoke its right to file a lawsuit against the Plaintiff. The statement correctly coincides with the advisement that no attorney had reviewed the particular circumstances of the debt. A consumer with a willingness to read the Defendant's letter with some care could only logically conclude that the Defendant may

advise the BOA that legal action is necessary *after* review of the particulars of the file. Although aware that the Defendant is advancing this sound argument the Plaintiff failed to address this argument in regard to the issue of futility of the proposed Amended Complaint.

Importantly, there is no language in the Defendant's letter indicating that a lawsuit is imminent and/or has been commenced. There is no language which could lead the least sophisticated consumer to believe that the BOA would be automatically successful in regard to any lawsuit simply upon the filing thereof. Furthermore, the letter is the initial communication from the Defendant to the Plaintiff and properly sets forth the 30 day debt verification/dispute rights required by 15 U.S.C. § 1692g. Thus, the least sophisticated consumer should deduce from the 30 day dispute/verification language that she has a "say" in the claim. If she did not owe the debt she could undertake action to prevent the filing of a lawsuit. Although aware that the Defendant is advancing this sound argument the Plaintiff failed to address this argument in regard to the issue of futility of the proposed Amended Complaint.

Importantly, there is nothing in the Defendant's form letter which could lead the least sophisticated consumer to believe that defenses to any potential lawsuit would not be available. Same constitutes a further basis for the fact that the claim that the statements in the letter misrepresents the Plaintiff's potential liability for the debt is without merit. Although aware that the Defendant is advancing this sound argument the Plaintiff failed to address this argument in regard to the issue of futility of the proposed Amended Complaint.

THE DEFENDANT DID NOT
FALSELY IMPLY ATTORNEY
<u>INVOLVEMENT</u>

The FDCPA expressly prohibits the false representation or implication that an individual is an attorney or that any communication is from an attorney. 15 U.S.C. § 1692e(3). Sending a debt collection letter under the letterhead of a law firm, without an attorney having meaningfully reviewed the particular circumstances of a consumer's debt, may constitute an "e (3)" violation. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292 (2d Cir. 2003). However, in the matter of *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2nd Cir. 2005), the Second Circuit held that a collection attorney could avoid liability for not providing meaningful attorney review by simply stating "At this time no attorney with this firm has reviewed the particular circumstances of your account." (hereinafter "the *Greco* advisement").

Despite placing the *Greco* advisement in a collection letter, an attorney or a law firm may still violate the FDCPA if there are other statements in the letter which could lead the least sophisticated consumer to be confused as to the level of attorney review. However, FDCPA case precedent finding FDCPA liability, despite the inclusion a *Greco* advisement in a collection letter, establishes the need for clear, numerous and unequivocal statements indicating that legal action is imminent. For example, referring to "judicial remedies" throughout a letter, referring to a balance due as a "claim" rather than a debt, forewarning of possible court costs and/or attorneys fees, encouraging a consumer to communicate with a law firm for a "helpful and amicable resolution…" of a claim, and threatening an immediate lawsuit at the creditor's instruction could all lead the least sophisticated consumer to likely infer from the letter's overall threat level that a law firm was prepared to bring legal action at any time. This conclusion would likely contradict the *Greco* advisement and cause confusion to the least sophisticated consumer. *Dunn v. Derrick E. McGavie, P.C.*, 653 F. Supp. 2d 1109 (D. Or. 2009).

Statements that an attorney was "not inclined to use further resources attempting to collect this debt before filing suit." and was "…obligated to her client to pursue the next logical course of action without delay." suggested that the attorney had reviewed debtor's case and deemed it ripe for legal action. Thus, these statements would contradict the *Greco* advisement. *Pollard v. Law Office of Mandy L. Spaulding*, 967 F. Supp. 2d 470, 478 (D. Mass. 2013).

In *Martinez v. Johnson*, 2013 U.S. Dist. LEXIS 35826 (D. Utah) the subject letter stated:

> "To resolve this matter you must either pay the Total Amount Due….
>
> or call the law firm…..and work out arrangements for payment.
>
> If you do neither of these things, our client may be entitled to file a
>
> lawsuit against you or take further action for the collection of this
>
> debt."

The court therein found that the letter used the words "lawsuit", "attorneys", "our law firm", and "our client" numerous times and, therefore, may leave the false impression that the amount set forth is due and owing, has been validated, and that legal action will be pursued unless the debt is paid.

Statements such as "… in the event legal action is pursued and judgement is ultimately obtained against you, the judgment may include court costs, local attorneys fees, and interest in the principle amount owed." could give the least sophisticated consumer the impression of impending litigation and, as a result, contradict the *Greco* advisement. *Nepomuceno v. Legal Recovery Law Offices, Inc.*, 2014 U.S. Dist. LEXIS 81761 *9-*10 (S.D. Cal.). A letter from an attorney referencing to a "Breach of Contract Claim", stating that the lawyer would make a recommendation, further stating "..if you choose not to voluntarily resolve your account and

litigation is filed...”the creditor, would also seek “additional costs”, urging the consumer to “satisfy your obligation” and stating “it could be your last opportunity to settle this matter for only $2,500.” could be read by the least sophisticated consumer as a threat of imminent legal action and a contradiction of the *Greco* advisement. *Antkowiak v. TaxMasters*, 779 F. Supp. 2d 434, 451 (E.D. Pa. 2011).

Statements made during a telephone conversation between a consumer and a debt collector employed by a law firm could lead the consumer to believe legal action was imminent based upon an attorney review of the particulars of a debt. *Santacruz v. Standley & Associates, LLC*, 2011 U.S. Dist. LEXIS 27885 *13 (D. Colorado)(debt collector employed by law firm defendant told a consumer during a telephone conversation “I’m not threatening you. I’m making you a promise. I’m going to file a lawsuit against you real soon.”. The court therein found statements to constitute a clear threat of legal action).

In contrast to the foregoing FDCPA cases, which all concern language that legal action was imminent and authorized, a letter which is short and straightforward, like the letter in *Greco* which did not use any language that suggests *impending* litigation, would not confuse a consumer in regard to the level of attorney review. *Taylor v. Pinnacle Credit Servs., LLC*, 2011 U.S. Dist. LEXIS 36420 (N.D. Cal. 2011)(finding the statement that attorney “represents” creditor was not enough to overshadow *Greco* advisement); See also *Murphy v. Bronson, Cawley & Bergmann, LLP*, 2011 U.S. Dist. LEXIS 64600 (S.D. Cal.); *Snyder v. Gordon*, 2012 U.S. Dist. LEXIS 120659 *17-*18 (W.D. Wash.)(finding reference to statement “from a debt collector” and “no decision has been made whether or not we will file a lawsuit” also emphasize lack of attorney advisement in addition to the *Greco* advisement in the letter).

The letter at issue in *Davis v. Lyons, Dougherty & Veldhuis, P.A.*, 855 F.Supp.2d 279, 283-284 (D. Del. 2012) stated as follows:

> "Please be advised this office represents Midland Funding, LLC.
>
> Our client indicates that the amount due as of this letter is…"

The bottom of the letter contained the names of two attorneys. In granting a motion to dismiss the complaint the court therein stated:

> "The Court finds Defendant's letter cannot reasonably be read to imply an attorney is involved when the letter says one is not."

Nothing in the Defendant's letter refers to post-judgment remedies or described the BOA debt as a "claim" rather than a debt. The Defendant did not forewarn the Plaintiff of possible court costs and/or attorneys fees nor did the Defendant encourage the Plaintiff to communicate with the Defendant, a law firm, for a "helpful and amicable resolution of this claim.". The Defendant did not threaten an immediate lawsuit but simply stated that which is understood by the least sophisticated consumer who receives a letter from a law firm: a client may exercise the right to file a lawsuit. In fact, the Defendant did not even have to state the obvious concerning possible legal action, which demonstrates the meaninglessness of the statement regarding a possible lawsuit by the BOA. The Defendant's letter cannot reasonably be read to imply that an attorney is involved when the letter says one is not.

The entire tone of the Defendant's letter is best described as "soft" and non-threatening as evidenced by the reference to BOA as "Creditor" and the Plaintiff as "Customer". Had the Defendant wished to threaten imminent legal action because an attorney had reviewed the particulars of the Plaintiff's account, it would have referred to BOA as "Plaintiff" and the

14

Plaintiff as "Defendant." The Defendant did not advise that it was not inclined to use further resources attempting to collect the BOA debt before filing suit nor state that it was obligated to BOA to pursue the next logical course of action without delay. The Defendant's letter did not refer to a "Breach of Contract Claim" nor state that a lawyer would make a recommendation. The letter did not threaten the Plaintiff with *imminent* legal action, and did not state that the BOA would seek additional costs therein, if the Plaintiff chose not to voluntarily resolve her BOA account. The Defendant's letter did not urge the Plaintiff to satisfy her obligation to the BOA nor state that it could be her last opportunity to settle her BOA account for less than the full amount due. There were no telephone conversations between the Plaintiff and any debt collector(s) employed by the Defendant wherein imminent legal action was threatened. Thus, the Plaintiff fails to raise FDCPA claims which are plausible on its face.

Perhaps the best statement concerning the very effect of a letter from a law firm was set forth by the U.S. Court of Appeals for the Seventh Circuit in *Avila v. Van Ru Credit Corporation,* 84 F.3d 222, 228 (7th Cir. 1996):

> "...an unsophisticated consumer, getting a letter from an attorney, "knows" the price of poker has gone up."

This impression renders the Defendant's soft, non-threatening reference to possible legal action meaningless.

THE STATEMENT REGARDING
LEGAL ACTION DOES NOT
<u>CONNOTE ATTORNEY REVIEW</u>

Further evidence that the reference to possible legal action does not connote attorney review

of the particulars of the Plaintiff's account is based upon the fact that there is nothing improper about a debt collector listing possible creditor remedies in a debt collection letter so long as those possibilities could occur. *Avila v. Riexinger & Assocs., LLC,* 2015 U.S. Dist. LEXIS 48926 (E.D.N.Y.). Referencing to the possibility of legal action, in conjunction with a debt in an amount of $15, 556.91, is not a threat of unintended legal action nor can is it deemed to be a contradiction of the effect of the *Greco* advisement.

   For a collection letter to threaten legal action it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been taken. *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). The statement in the Defendant's letter cannot be deemed as a threat to sue the Plaintiff, thus the statement does not connote that an attorney reviewed the particulars of the Plaintiff's file and came to the conclusion that legal action was justified. Even where a communication specifically refers to legal action a threat to sue does not exist where references to legal action are set forth in the terms of a mere possibility. *Madonna v. Academy Collection Serv.*, 1997 U.S. Dist. LEXIS 13315 (D. Conn.)(Three letters were sent to the plaintiff therein stating "our client may choose to pursue legal action." The last letter preceded this statement with a declaration "..it is our intent to close our files and inform our client that you have refused to cooperate.", went on to describe possible consequences of litigation and suggested that the consumer "..obtain legal assistance." The court found that these references were not a threat to pursue legal action but, instead, merely communicated that litigation was one possible course of action. "Far from threatening legal action the statement….indicates that legal action is an option available to the creditor who may choose to take advantage of it.") *7. Knowles v. Credit Bureau of Rochester*, 1992 U.S. Dist.

LEXIS 8349 (W.D.N.Y.)(holding that the statement "…failure to pay will leave our client with no choice but to consider legal action…" was not a threat of legal action, because "… at most, the language…threatened that the creditor will have to consider legal action" and, therefore, "..no action of any kind is threatened by the defendant collection agency.").

The reference in the Defendant's letter to the possibility of legal action by the BOA cannot be construed by the Plaintiff that a lawsuit was imminent based upon an attorney review of the particulars of the Plaintiff's account. See *Gervais v. Riddle & Associates, P.C.*, 479 F. Supp. 2d 270, 275 (D. Conn. 2007)(stating "The least sophisticated consumer, when explicitly told that litigation is merely being considered as an option, cannot reasonably believe that litigation is authorized and rapidly forthcoming…."). See also *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 (D. Conn. 1990)(finding notice stating "legal action will be recommended" does not evidence an intent or ability to litigate).

To determine whether language can be construed as threatening legal action courts consider if the language explicitly threatens that legal action will be taken or whether it simply describes available alternatives such as legal action. *Berger v. Suburban Credit Corp.*, 2006 U.S. Dist. LEXIS 62909 (E.D.N.Y.). Here, the statement "Please be advised the Bank may invoke its right to file a lawsuit against you." advised the Plaintiff that litigation is merely being considered as an option. The Plaintiff could not have reasonably believed that litigation was authorized and rapidly forthcoming as the statement does not evidence an intent or ability to litigate. Thus, the statement fits comfortably with the *Greco* advisement set forth in the letter.

The Plaintiff did not respond to the Defendant's collection letter. Thus, the Defendant filed a lawsuit against the Plaintiff on March 9, 2015 in the Supreme Court of the State of New York,

17

County of Erie (hereinafter "SCNYE"). A copy of the SCNYE complaint, filed against the Plaintiff, is attached hereto as Exhibit "1". Furthermore, the Defendant also filed a lawsuit on February 18, 2015 against the proposed additional Plaintiff, Richard G. Schneider, in the same SCNYE. A copy of the SCNYE complaint, filed against the proposed additional Plaintiff, Richard G. Schneider, is attached hereto as Exhibit "2".

This court may take judicial notice of each SCNYE complaint as each constitutes a public record. In deciding a motion to dismiss a complaint a court may take judicial notice of a document filed in another litigation. *Global Network Comm'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Although the general rule is that a district court may not look outside a complaint and documents attached therewith in conjunction with deciding a Rule 12(b)(6) motion, a court may also consider matter of which judicial notice may be taken. *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425-426 (2d Cir. 2008)(finding "…it is proper to take judicial notice of…..prior lawsuits……").

While it is true that a court may convert a motion to dismiss a complaint into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) if a party presents (and the court does not exclude) matters outside of the pleadings, a court may properly consider items subject to judicial notice, and matters of public record, without converting a motion to dismiss into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012)("Judicial notice of public records is appropriate- and does not convert a motion to dismiss into a motion for summary judgment – because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned.").

Taking judicial notice of pleadings filed in other lawsuits is common. *Singh v. Wells*, 2010 U.S. Dist. LEXIS 84077 (N.D.N.Y.)(taking judicial notice of a complaint filed in Court of Federal Claims in conjunction with a motion to dismiss a complaint); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)(taking judicial notice of a second amended complaint in state-court lawsuit "as a public record" pursuant to Rule 201(b) of the Federal Rules of Evidence); *Am. Home Assur. Co. v. Altman Specialty Plaints, Inc.*, 2009 U.S. Dist. LEXIS 6046(S.D.N.Y) (taking judicial notice of an amended complaint filed in a California federal district court); *Byrd v. City of New York*, 2005 U.S. App. LEXIS 10820 hn. 3 (2d Cir.)(finding in deciding a motion to dismiss courts may look to public records, including complaints filed in state court); *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011)(judicial notice may encompass other lawsuits and papers filed in those actions); *Rahman v. Schiro*, 22 F. Supp. 3d 305, 311 (S.D.N.Y. 2014)(in deciding a motion to dismiss a court may rely upon matters of public record such as judicial documents and court records).

Proof that legal action was not imminent is further established by the fact that the SCNYE complaint was not filed until almost two months from the date of the Defendant's letter in regard to the Plaintiff. Furthermore, legal action was not commenced against the proposed additional class representative, Richard G. Schneider, until over a month from the date of the Defendant's letter sent to the proposed additional class representative, Mr. Schneider.

THE REFERENCES TO A
CONTACT PERSON DOES
NOT CONTRADICT THE
*GRECO* NOTICE

Understanding that the allegations set forth her Complaint are not plausible based upon the

19

Defendant's motion to dismiss, the Plaintiff desperately attempts to add another baseless attack upon the form collection letter sent by the Defendant. There is no credence in the allegations set forth in the proposed Amended Complaint concerning the names of the Defendant's contact persons set forth on the letters attached as Exhibit A and B to the proposed Amended Complaint. There is no assertion in the form letter that either contact person is an attorney. Furthermore, neither contact name is associated with the names in the Defendant's law firm. However, even presuming that either name is that of an attorney, this very fact would not contradict the advisement that no attorney had reviewed the particular *circumstances* of either account. Simply directing a least sophisticated consumer to contact a person employed as a non-attorney, or as an attorney, does not constitute an admission that an attorney has reviewed the particular circumstances of a consumer file as of the date set forth in the collection letter.

Federal courts have rejected the argument that including a name in a collection letter from a law firm contradicts the *Greco* advisement. *Stokes v. Farrell Law Group, LLC*, 2012 U.S. Dist. LEXIS 58394 *7 (D. N.J.)(rejecting the argument that the signature of an attorney in a letter, and the statement "our law firm has been retained", are material and relevant distinctions from the *Greco* language. The least sophisticated consumer would not be confused by the level of attorney involvement indicated by the letter as a result of the signature and the "our law firm has been retained" language.).

The simple mentioning of the possibility of legal action in collection letter from a law firm, coupled with a directive to speak with a person by name when calling a law firm, does not contradict the *Greco* advisement. The letter at issue in *Peak v. Southern & Allen*, 2010 U.S. Dist. LEXIS 41101 * 13 (E.D. Ark.) stated:

> "Our firm has been retained by Portfolio Recovery Associates, LLC
>
> to collect from you the sum of $935.00 by lawsuit if necessary.
>
> Contacting my office either by telephone or by mail may avoid
>
> a lawsuit and the addition of court costs and attorneys fees caused
>
> by litigation…..When calling or writing, please ask for Kim and
>
> refer to our file number below."

In granting a motion for summary judgment in favor of the defendant law firm therein the court stated:

> "Despite the mention of a lawsuit, the disclaimer in the letter makes
> clear that no lawyer has reviewed plaintiff's account."

THE COMPLAINED-OF
MISREPRESENTTIONS
<u>ARE NOT MATERIAL</u>

The Plaintiff has ignored the Defendant's argument, set forth in its motion to dismiss the Complaint, that the alleged misrepresentations are not material. Again, the Plaintiff has ignored the fact that her motion to amend her Complaint essentially equates to an opposition to the Defendant's motion to dismiss her Complaint.

FDCPA case law makes clear that a plaintiff alleging a § 1692 "e" violation must demonstrate that the statements allegedly giving rise thereto were "material." A statement cannot mislead the least sophisticated consumer unless it is material, so a false but not material statement is not actionable under the FDCPA. An immaterial statement or immaterial information does not constitute an FDCPA violation as such statements do not contribute to the objective of the

FDCPA. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755 (7th Cir. 2009)(finding that materiality is an ordinary element of any federal claim based upon a false or misleading statement); *Lane v. Fein, Such & Crane*, 767 F.Supp.2d 383 (E.D.N.Y. 2011)(finding that inaccurate information about a creditor was not material.); *Klein v. Solomon & Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606 (D. Conn.)(granting the defendant's motion to dismiss the complaint finding the plaintiff did not allege that the alleged false and misleading statements influenced plaintiff's ability to pay or challenge the debt.); *Broughman v. Chiari & Ilecki, LLP*, 2012 U.S. Dist. LEXIS 166658 (W.D.N.Y.)(granting judgment on the pleadings to a defendant based upon plaintiff's failure to allege that technically false statements of law misled him nor did he explain how it would coerce an unsophisticated consumer to act against his interest or lull him into inactivity). The Amended Complaint fails to allege that the statements in the letter influenced the ability or decision of the Plaintiff, or the proposed additional Plaintiff, to pay or challenge their respective BOA debt.

FDCPA case law consistently requires "e" violations to be material. *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89, 94 (2d Cir. 2012)("Although Congress did not expressly require that any violation of sec. 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material representations."); *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y.)("Statements are material if the statements impede a consumer's ability to pay a debt or if they would impair the consumer's ability to challenge a debt."); *Carubia v. Cohen & Slamowitz*, 2015 U.S. Dist.

LEXIS 7700 *10 (N.D.N.Y.)(finding that a representation is not material, and thus not actionable under 1692e, unless it somehow "..interfered with a consumer's ability to answer and defend himself.").

Attached hereto as Exhibit "3" is a copy of the Answer filed by the Plaintiff in response to the complaint filed in the SCNYE lawsuit. The Answer demonstrates that nothing set forth in the Defendant's letter impaired the Plaintiff's ability to challenge the BOA debt. The Answer demonstrates that nothing set forth in the Defendant's letter interfered with the Plaintiff's ability to defend herself in regard to the allegations set forth in the SCNYE.

Even accepting as true the factual allegations of the proposed Amended Complaint in regard to the issue of attorney review, and drawing all inferences in favor of the Plaintiff in regard thereto, the Plaintiff's proposed Amended Complaint does not set forth any allegations that the Plaintiff, or the proposed additional Plaintiff, did not owe a debt nor does the proposed Amended Complaint allege that the Defendant misstated or misrepresented the amount either owed. These facts further establish that the Plaintiff has failed to meet the FDCPA "e" violation "materiality" requirement. *Corazzini v. Litton Loan Servicing, LLP*, 2011 U.S. Dist. LEXIS 63565 (N.D.N.Y.)(granting summary judgment to a debt collector on FDCPA "e" claims by stating "Even if defendant did provide a false statement in one or more communications with the plaintiff, plaintiff has failed to establish that the alleged false statements were *material* to her decision to pay her debt or that it impaired her ability to challenge the debt."); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006)(rejecting an "e" claim because the plaintiff "never denied in her complaint that she owed defendant a debt, nor did she claim that the defendant misstated or misrepresented the amount she owed."); *Stewart v. Berman*, 859 F. Supp.

2d 754 (D. Md. 2012)(finding that the plaintiffs therein failed to allege any facts showing that the alleged misrepresentations were material and that the plaintiffs did not allege any substantive error as to the existence of a debt or the timing of the legal foreclosure action commenced therein).

The Plaintiff's proposed Amended Complaint acknowledges that the Defendant is a law firm. (paragraph 6). There are no allegations in the Plaintiff's proposed Amended Complaint that the attorneys associated with the Defendant are not properly licensed to practice law. Thus, there can be no §1692e(3) violation based upon the Defendant's letter.

## CONCLUSION

The proposed Amended Complaint fails to adequately plead any plausible claim for violation of the FDCPA. Thus, the Plaintiff's motion to amend her Complaint should be denied and the Defendant should be awarded a judgment dismissing the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: New York, New York
         January 29, 2016

Respectfully submitted,

ROBERT L. ARLEO, ESQ. P.C.

*/ s / Robert L. Arleo*
BY: ROBERT L. ARLEO