UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELAINE S. WENDEL,

        Plaintiff,

    -v-                                                                   15-CV-936-JTC

MULLOOLY, JEFFREY, ROONEY & FLYNN, L.L.P.,

        Defendant.

---

APPEARANCES:        LAW OFFICES OF KENNETH HILLER, PPLC (SETH ANDREWS, ESQ., of Counsel), Amherst, New York, Attorneys for Plaintiffs.

                              ROBERT ARLEO, ESQ., New York, New York, Attorney for Defendant.

## INTRODUCTION

Plaintiffs filed a complaint in this action on October 29, 2015, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Item 1.  On December 3, 2015, defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Item 7.  In lieu of a response to the motion, on December 28, 2015, plaintiff filed two motions - a motion to hold the defendant's motion in abeyance and a motion for leave to file an amended complaint.  Items 10, 11.  All the motions are currently submitted for decision.

## BACKGROUND and FACTS

In the original and proposed amended complaint, plaintiff alleges that she is a "consumer" and that defendant is a "debt collector" as those terms are defined by the

FDCPA. *See* Item 1, ¶¶ 4-5; Item 11-2, ¶¶ 4, 6.  Plaintiff incurred a debt to Bank of America, N.A. ("the Bank") and allegedly defaulted on that debt.  Item 1, ¶¶ 9-11; Item 11-2, ¶¶ 10-12.  On January 13, 2015, defendant sent a letter to plaintiff on the letterhead of Mullooly, Jeffrey, Rooney & Flynn, LLP.  The letter lists plaintiff as the "Customer" and the Bank as successor-in-interest to FIA Card Services as the "Creditor."  The letter referenced a balance owed and previous and current account numbers.  The letter provides as follows:

> Our law firm has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above referenced account.  Please be advised the Bank may invoke its right to file a lawsuit against you.
>
> Unless you notify us within thirty days after receipt of this notice that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If within thirty days of your receipt of this notice you notify us in writing that the debt or any portion thereof is disputed we will obtain a verification of the debt or if the debt is founded upon a judgment, we will obtain a copy of the judgment and we will mail to you a copy of such verification or such judgment.  Also, upon your written request within thirty days of the receipt of this notice, we will provide you with the name and address of the original creditor if different from the current creditor.
>
> This communication is from a debt collector. We are attempting to collect a debt and any information obtained from you will be used for that purpose.
>
> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Item 7-2.  The law firm name appears under the signature line (the signature is illegible).  Additionally, beneath the signature, the reader is directed to "REFER TO: J. KENNEDY" with a telephone number.  *Id.;* Item 11-2, ¶ 15.  Upon information and belief, plaintiff alleges that J. Kennedy is not an attorney, but a collections manager.  *Id.,* ¶ 16.            In its motion to dismiss, defendant argued that plaintiff failed to state a

claim upon which relief could be granted.  Specifically, it argued that the subject letter contained no material misrepresentations but simply asserted the fact that the Bank could invoke its right to file a lawsuit.  Additionally, the letter advised that no attorney had reviewed the particulars of the case.  The letter contained no threatening language or anything that would lead a consumer to believe that defenses to a potential lawsuit would be unavailable.  See Item 7-1, pp. 4-5.

In lieu of a response to the motion, plaintiff has filed a motion for leave to file an amended complaint. Item 11.  Specifically, plaintiff seeks to join an additional plaintiff, Richard G. Schneider, and re-file the complaint as a proposed class action.  In the proposed amended complaint, it is alleged that Mr. Schneider also incurred a consumer debt to the Bank and defaulted on the debt. Item 11-2, ¶¶ 10-12.  Mr. Schneider allegedly received the same form letter from defendant dated January 7, 2015. Id., ¶¶ 21-22.  Under the signature line, the name G. BRICKMAN appears with a telephone number.  Id., ¶ 23.  Plaintiffs allege that G. Brickman is not attorney but a debt collector employed by defendant. Id., ¶ 24.  Plaintiffs allege that the letter was confusing and misleading as to the legal representation by defendant to the Bank and misrepresented plaintiff's potential liability for the alleged debt, in violation of sections 1692e, 1692e(2), 1692e(3), and 1692e(10) of the FDCPA. Item 1, ¶¶ 14-17; Item 11-2, ¶¶ 17-19, 25-27.

## DISCUSSION

The dispositive issue in both of these motions is the viability of plaintiff's claims under the FDCPA.  Defendant argued in support of its motion to dismiss that the

plaintiff has failed to allege facts that support a violation of the statute and further argues, in response to plaintiff's motion for leave to amend, that any amendment would be futile as plaintiff relies on the same facts in the amended complaint. Both the original complaint and the proposed amended complaint are based on a single form letter sent to plaintiff (and to the proposed additional plaintiff) by defendant. Plaintiff alleges that the letter improperly misrepresented the level of attorney involvement and implied that plaintiff could be sued for the subject debt even though no attorney had reviewed the particulars of the case.

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir.1989); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation omitted). Courts interpret Rule 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary ...."). Motions to add parties are governed by Fed. R. Civ. P. 21, and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman*

*Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); see also Fed. R. Civ. P. 21; *Amaya*, 285 F.R.D. at 253 ("There is ... little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion.").

Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg.*, Inc., 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

An amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P 12(b)(6) motion to dismiss." *Salazar v. Browne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011). The proposed amended claim must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, it "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557); *Sengillo v. Valeo Elec. Sys., Inc.*, 536 F.Supp.2d 310, 312

(W.D.N.Y. 2008) (applying *Bell Atl. Corp.* standard), *aff'd,* 328 F. App'x 39 (2d Cir. 2009).  On a motion to amend, the court is required to accept the material facts alleged in the amended complaint as true and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### A.  The FDCPA Claims

Plaintiff alleges that defendant violated the FDCPA "by stating and otherwise implying that Plaintiffs may be sued for the alleged subject debt even though no attorney had reviewed the particular circumstances of Plaintiffs' accounts." Item 11-2, p. 4. Furthermore she argues that the signing of the letter "mis-represents the level of attorney involvement on the Plaintiffs' respective accounts." *Id.*  She primarily relies on *Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360 (2d Cir. 2005), a case from this District that was affirmed by the Second Circuit.  Plaintiff goes to great lengths to distinguish her case from that of the plaintiff in *Greco,* but her attempts are misplaced and, ultimately, unavailing.

In *Greco,* as here, a law firm was retained to collect a debt on behalf of Bank of America.  It sent a letter to plaintiff which read:

> Dear Andrew A. Greco:
> The firm of Trauner, Cohen & Thomas is a law partnership representing financial institutions in the area of creditors rights. In this regard, this office represents the above named BANK OF AMERICA who has placed this matter, in reference to an original account with [sic] for collection and such action as necessary to protect our client.
> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

> If you have any questions regarding this matter, please contact this office at 404.233.1900 or toll free at 1.888.696.1900 between the hours of 8 A.M. and 9 P.M. on Friday, and 8 A.M. to 2 P.M. on Saturday.
> Very truly yours,
> Trauner, Cohen & Thomas, LLP

*Greco,* 412 F.3d at 361. The letter also contained notices pursuant to FDCPA section 1692g regarding validation of the debt. It was not signed, but the law firm name was printed as a signature block. *Id.,* at 361-62.

The subject letter and the *Greco* letter are strikingly similar with some obvious differences. The subject letter states that the defendant law firm has been "retained" by the Bank, whereas in *Greco,* the letter advised that the law firm "represents" the Bank. The current letter advises the plaintiff that the Bank "may invoke its right to file a lawsuit against you." In *Greco*, the letter advised that, should the debtor fail to respond to the letter, the Bank "may consider additional remedies to recover the balance due." The current letter is signed illegibly, presumably by the individual (not an attorney) whose name and telephone number appear beneath the law firm name. In *Greco*, the letter was not signed by an individual, but the law firm name appeared in the signature block. Both letters advised the recipient that no attorney had yet reviewed the particular circumstances of the account and both contained the validation notices of section 1692g. In the current letter, the validation notice language is in the text of the letter while, in *Greco*, the validation notice language is set forth separately at the bottom of the letter. The letter in *Greco* was found not to violate the FDCPA. On this motion, the court must determine whether the differences in the two letters are significant and sufficiently allege a violation of the FDCPA.

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To achieve this goal, and to protect the most vulnerable population of debtors from abusive and misleading practices, courts have construed the FDCPA to require that debt collection letters be viewed from the perspective of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir.1993). The Second Circuit observed, however, that "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness," *id.,* and that some courts have held that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotation marks omitted) (citing *Johnson v. NCB Collection Servs.*, 799 F.Supp. 1298, 1306–07 (D.Conn. 1992), and *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1411 (D.Conn. 1990)). In this way, the Second Circuit's "least sophisticated consumer" standard is an objective analysis that seeks to protect "the naive" from abusive practices, *id.* at 1320, while simultaneously shielding debt collectors from liability for "bizarre or idiosyncratic interpretations" of debt collection letters, *id.*

Plaintiff argues that, as the letter was signed by an individual, defendants have misrepresented the level of attorney involvement in the case. Plaintiff asks the court to find that an illegible signature and a contact name on the letter, not identified as an

attorney, somehow misled the plaintiff into thinking that an attorney was involved, had reviewed the case, and had recommended the filing of a lawsuit. However, the letter in this case, as in *Greco*, contained the disclaimer that no attorney had reviewed the case. In *Greco,* the Second Circuit held that an attorney can send a collection letter without being meaningfully involved as an attorney in the collection process, if the letter contains the disclaimer that makes it clear to even the least sophisticated consumer that the law firm or attorney is not acting as an attorney at the time of the transmission of the letter.  *Greco,* 412 F.3d at 364.  Even if the subject letter had been actually signed by an attorney, it would not violate the FDCPA because it contained the *Greco* disclaimer and clearly conveyed that the individual who signed the letter was acting as a debt collector, not an attorney.  *See Avila v. Riexinger & Assocs., LLC,* 2016 WL 1104797 *2 (2d Cir. Mar. 22, 2016).  In this case, the person who signed the letter was a debt collector, the letter clearly stated that the communication was from a debt collector attempting to collect a debt, and no misrepresentation occurred.

      The plaintiff further argues that the letter contained "aggressive" language that overshadowed the disclaimer.  Specifically, plaintiff complains that the use of the word "retained" and the statement that the Bank "may invoke its right to file a lawsuit against you" go beyond the language sanctioned *Greco.*  The court disagrees.  There is no significant difference in the use of the word "retained" as opposed to "represents." Moreover, the letter does not threaten immediate legal action but advises the recipient that the bank "may invoke its right" to pursue legal remedies.  Such an equivocal statement does not give rise to liability under the FDCPA.  *Avila,* 2016 WL 1104797, at

*2 (statements that the debt collector "may consider additional remedies" and that the accounts were placed with an attorney for "such action as necessary" are equivocal statements that neither threaten legal action nor give rise to liability under Section 1692e).

Plaintiff relies on several cases from other jurisdictions which have distinguished *Greco*. In each of those cases, the letters contained the *Greco* disclaimer but were complex and contained additional language regarding courts costs, valid legal defenses, litigation costs, and attorney's fees. See *Nepomuceno v. Legal Recovery Law Offices, Inc.,* 2014 WL 2711828 (S.D.Cal. June 16, 2014) (use of "legal action," "judgment," "court costs," and "attorney fees" in the letter, coupled with an attorney's signature, overshadowed the express disclaimer that no attorney had reviewed the file); *Robertson v. Richard J. Boudreau & Assocs., LLC,* 2009 WL 5108479 (N.D.Cal. Dec. 18, 2009) (multiple letters lacked notice of validation rights and used inconsistent language, including "litigation" and "any valid legal defense"); *Dunn v. Derrick E. McGavic, P.C.,* 653 F.Supp.2d 1109 (D.Or. 2009) (threat of immediate lawsuit overshadowed plaintiff's right to dispute debt). None of these cases provides support for plaintiff's argument that this case is distinguishable from *Greco.*

In light of the *Greco* disclaimer, the court finds that the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated the case or made recommendations regarding the validity of the creditor's claims. Accordingly, the court finds, as a matter of law, that the defendants have not used any "false, deceptive, or misleading representation or means in connection with

the collection of any debt," 15 U.S.C. § 1692e, including the "false representation or implication that any individual is an attorney or that any communication is from an attorney," 15 U.S.C. § 1692e(3), with meaningful involvement as an attorney in the debtor's case.[1]

## CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is GRANTED and the complaint is dismissed.  The Clerk of the Court is directed to close the case.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:  **April 6, 2016**

---

[1] The court also finds that the plaintiff's allegations likewise do not state a violation of sections 1692e(2) or (10).